## A. H. STRANG V. J. A. PRAY,

### No. 421.—Decided May 18, 1896.

**1. Mechanics' Lien—Constitution.**

    The Constitution, art. 16, sec. 37, provides that mechanics and material men shall have a lien upon the buildings made by them. This lien exists independent of the statute, and though not extending, by the express terms of the Constitution, to the land on which it is situated, it is to be implied that the Constitution gives a lien on the estate of the person causing the improvement to be erected, in the land on which it is situated, to the extent that the lands are necessary to its enjoyment or may be designated and set apart as intended to be used and enjoyed in connection with such building.

**2. Same—Failure to Record Contract**

    This lien not·depending on the statute, the statute can not affix to it conditions. of forfeiture. So far as the statute gives a lien to persons not included in the terms of the Constitution, their rights are dependent on compliance with the statute; but, as between the parties, no compliance with the statutory requirements is necessary to fix the lien given by the Constitution, and the lien is not lost by a failure to record the contract and bill of particulars as required by law.

**3. Homestead—Abandonment.**

    Where the owner of an urban homestead builds , for renting, a house, partly situated upon the homestead lot, but which he separately encloses, the homestead right in the portion of the lot so enclosed and occupied is abandoned.

ERROR to Court of Civil Appeals for Second District in an appeal from Tarrant County.

Suit by Pray against Strang on contract for building a house and to foreclose a mechanic's lien. Plaintiff had judgment for his claim but the trial court refused foreclosure of his lien. On his appeal the Court of Civil Appeals reversed and rendered judgment foreclosing his lien on the house and lot. Appellee obtained writ of error.

*Humphreys & McLean,* for plaintiff in error.—The trial court correctly held that plaintiff had no lien upon the land or building described and referred to in his petition. The mechanic's lien can only be fixed and secured, in the case of an original contractor, in two ways: First, if the contract is in writing it must be filed and recorded in the county clerk's office of the county in which the property is situated. Second, if it is not in writing, a bill of particulars must be filed in said office. The statute must be complied with substantially in every essential particular. Pool v. Sanford, 52 Texas, 621; Lee v. Phelps, 54 Texas, 367; Lee v. O'Brien, 54 Texas, 635; ·Ferguson v.·Ashbell, 53 Texas, 245; Cameron & Co. v.

Marshall, 65 Texas, 7; Warner Elevator Mfg. Co. v. Houston, 28 S. W.
Rep., 405; Warner Elevator Co. v. Maverick, 30 S. W. Rep., 437; 31 S.
W. Rep., 353.

*M. B. Harris*, for defendant in error.—Sec. 37, art. 16 of the Con-
stitution of 1876 of the State of Texas, gives mechanics, artisans and
material men of every class a lien upon the buildings and articles made
or repaired by them for the value of their labor done thereon or material
furnished therefor. Said section of the Constitution gives a lien to the
class of persons therein named, and such lien exists independent of the
statute. The Legislature was authorized to provide laws for the speedy
and efficient enforcement of such liens. If no law had been passed by
the Legislature, the lien could still be foreclosed by our courts of blended
jurisdiction of law and equity. If the Legislature had, or should declare
that such persons should have no such lien, such act of the Legislature
would be of no effect, and the lien could still be foreclosed because the
right under the Constitution is paramount to any legislative act. Consti-
tution of 1876, art. 16, sec. 37; Rev. Stats. Texas, arts. 3164, 3165, 3170,
3171; Warner Elevator Mfg. Co. v. Maverick, 30 S. W. Rep., 437-8-9;
31 S. W. Rep., 503; 28 S. W. Rep., 405; Keating Implement Co. v. Mar-
shall Electric Light & Power Co., 74 Texas, 607; Trammel v. Mount, 68
Texas, 215; Warren v. Smith, 44 Texas, 245; Read v. Gillespie, 64 Texas,
42; Ellis v. Batts, 26 Texas, 703.

BROWN, ASSOCIATE JUSTICE.—J. A. Pray and A. H. Strang entered
into the following contract:

"January 9th, 1894.

"This is to certify that I, J. A. Pray have agreed to build for Mr.
Strang one cottage, four rooms, exactly a duplicate of the one he lives
in, except the kitchen; it is to be 14x14 size, and have a shingle roof like
balance of house, and not to have any bath room. It to be built accord-
ing to plan drawn by J. A. Pray. I do agree to build front fence with
square pickets with three gates. Fence to have side post. Cost of house
and fence to be $645. Payments to be as agreed on, each Saturday, to
pay off hands. The building to be completed by the 20th of February,
1894. When building is completed and accepted all back money is due
and must be paid at once.

"(Signed)          J. A. Pray,     A. H. Strang."

The contract was in the possession of Strang. Pray furnished the ma-
terial and built the house and fence according to the contract, except in
some minor particulars, and received payment upon the contract price
of the sum of $150.

Upon the completion of the house, Strang refused to pay the balance
due, and Pray called upon him for the contract, with the intent to have

it recorded in order to fix his lien, but did not tell Strang what his pur-
pose was in calling for the contract. Strang refused to give up the con-
tract and Pray sued upon his claim within less than four months from
the time the house was completed, asking in his petition the foreclosure
of a mechanic's lien upon the house and lot on which it was built. The
house was built partly upon a lot upon which Strang and his family re-
sided at the time, but it was built with no view of making it a part of
the homestead, but with the intent that it should be rented out and it
has been so rented out ever since. The ground on which the house was
built was enclosed by a fence.

Upon a trial, Pray recovered $484.55 against Strang and the court en-
tered a personal judgment against Strang for that sum, refusing to fore-
close the mechanic's lien claimed by Pray. The amount sued for in the
District Court was $495.

Strang carried the case to the Court of Civil Appeals, which reversed
the judgment of the District Court and rendered judgment for the
amount recovered below, foreclosing the mechanic's lien upon the house
and lot. Strang applied for this writ of error upon the following grounds:

First: That the Court of Civil Appeals erred in holding that Pray
had a mechanic's lien on the house and lot and in rendering judgment of
foreclosure thereon.

Second: The court erred in holding that it was not necessary for Pray
to file an itemized account of his claim, verified by affidavit, in the County
Clerk's office, in order to fix the lien, when he failed to get possession of
the contract for that purpose.

Third: The court erred in not reversing and dismissing the cause;
because Pray had no lien upon the lot, and the amount sued for in the
District Court was less than $500.

Fourth: That the court erred in foreclosing the mechanic's lien upon
the house and lot; because the evidence showed that it was a part of the
homestead of Strang, and that his wife did not join in the contract.

Fifth: The court erred in assuming that the defendant Strang with-
held the contract from the plaintiff Pray to prevent said Pray from filing
and having the same recorded.

That portion of the homestead lot upon which the house in question
was built was abandoned as a homestead and the signature of the wife
to the contract for the erection of a building thereon was not necessary.
Wynne v. Hudson, 66 Texas, 8; Blackburn v. Knight, 81 Texas, 330.

Section 37 of article 16 of the Constitution of this State is in these
words: "Mechanics, artisans and material men, of every class, shall have
a lien upon the buildings and articles made or repaired by them, for the
value of their labor done thereon, or material furnished therefor; and
the Legislature shall provide by law for the speedy and efficient enforce-
ment of said liens." It was the intention of the members of the conven-
tion which framed and adopted this section of the Constitution to give
full and ample security to all mechanics, artisans and material men for
labor performed and material furnished for the erection of all buildings

and other improvements, and the courts must give such construction to this language as will carry out that intention.

It is the well established rule that if one devises or conveys a house or building to another, and there be nothing in the terms of the instrument or circumstances under which it is made which show a contrary intention, the land necessary to the use and enjoyment of the house or building, or which is so designated and set apart as to show that it was intended to be used in connection therewith, will pass by such conveyance or devise. Whitney v. Olney, 3 Mason, 280; Johnson v. Rayner, 6 Gray, 107; Wilson v. Hunter, 14 Wis., 683; Endsley v. State, 76 Ind., 467; 1 Dev. on Deeds, sec. 863.

If a mortgage be given upon buildings and nothing in the instrument shows a contrary intent, the lien of the mortgage will attach to the land on which such buildings stand and which are essential to its use, or such as may be so designated as to show that it was intended to be used in connection with such buildings. 1 Jones on Mortgages, sec. 142; Greenwood v. Murdock, 9 Gray, 20.

In the greater number of the States mechanics' liens are created by statutes, which usually express that the mechanic or material man shall have a lien upon the land connected therewith. But when such statutes have not so expressly given the lien upon the land, they have been construed by the courts to give a lien upon it the same as in the case of conveyances or mortgage upon the buildings. Phillips on Mechanics' Liens, sec. 199; Cornelius v. Uhler, 2 (Pa.) Brown, 229; the case of Olympic Theatre, Ib., 275; Pennock v. Hoover, 5 Rawle, 314; Roby v. University, 36 Vt., 564. We conclude that a proper construction of the language of the Constitution of this State, as hereinbefore quoted, gives tò mechanics, artisans, and material men, a lien upon the interest or estate that the person causing such building or improvements to be made thereon has in the land upon which they are situated, for the value of the labor performed or material furnished in the erection and construction of such buildings, to the extent that the lands are necessary to its enjoyment or may be designated and set apart as intended to be used and enjoyed in connection with such building or improvement. The lien does not depend upon the statute, and the Legislature has no power to affix to that lien conditions of forfeiture. It may, under the Constitution, provide means for enforcing the lien, and in doing so may prescribe such things to be done as may be deemed necessary for the protection of the owner or purchasers of such property, a limitation upon the time for the enforcement of such lien, and such other things as pertain to the remedy.

Under the law in force when this contract was made, the lien is declared practically in accordance with the Constitution (article 3164, Rev. Stats.), and it is said in article 3165, "In order to fix and secure the lien herein provided for, it shall be the duty of every original contractor, etc." This language does not undertake to create a lien, and, if it did, it could not limit the constitutional right as between the parties themselves. The Legislature is commanded by the Constitution to make laws

for the speedy and efficient enforcement of such liens, and we must presume that the Legislature intended to obey the mandate of the Constitution in the enactment of the law which we find upon the statute books. Although it is not expressly declared that the purpose is to protect the owner by requiring notice to be given to such owner in the instances provided in the statute, and to protect subsequent purchasers by the record of the contract and bill of particulars, these provisions are proper provisions for the enforcement of the lien and must be construed as having been intended for the purposes, to the accomplishment of which they are appropriate.

In so far as the statute gives to persons not embraced in the terms of the Constitution, if it does so, a lien upon the buildings and lands on which they stand, the lien is dependent upon the statute, and a compliance therewith would be necessary in order to its existence. But, as between the contracting parties in this case, the lien attached under the Constitution of the State and was not lost by a failure to record the contract or a bill of particulars as directed by the statutes.

The language used by this court in the case of Warner Elevator Co. v. Maverick, 88 Texas, 489, is such as to justify the conclusion drawn from it by the learned judge who wrote the opinion of the Court of Civil Appeals in this case, but the question was not in fact before the court in that case, and it was not then intended to decide the question herein decided.

We find no error in the judgment of the Court of Civil Appeals, and the same is therefore affirmed.

*Affirmed.*