LIPSCOMB et ux. v. `ADAMSON LUMBER CO. (No. 8259.)

(Court of Civil Appeals of Texas. Dallas. Dec. 6, 1919.)

1. APPEAL ` AND ERROR ☞272(1)—NECESSITY OF TIMELY OBJECTION TO SUFFICIENCY OF PETITION.

The sufficiency of the petition to show a cause of action cannot be raised on appeal where not excepted to until motion for new trial.

2. APPEAL AND ERROR ☞242(3) — NECESSITY OF RULING ON DEMURRER FOR PURPOSE OF REVIEW.

The sufficiency of petition to state a cause of action will not be reviewed in absence of ruling on demurrer interposed thereto.

3. PLEADING ☞212—WAIVER OF DEMURRER.

Where, although defendants pleaded the general demurrer as part of their answer, it was never presented to or acted upon by the trial court, it was waived.

4. EVIDENCE ☞417(11) — MECHANICS' LIENS ☞73(2)—CONTRACT FOR LIEN ON HOMESTEAD.

A contract signed by husband and wife giving a materialman's lien upon their described homestead for material for "the erection, repairs, and improvements on our homestead," and reciting consideration, time of payment, and rate of interest, *held* sufficient, under Const. art. 16, § 50, and Vernon's Sayles' Ann. Civ. St.

1914, art. 5631, although containing no itemization or description of material, since it could be shown by parol the quantity, pieces, or articles that were agreed on, and that they were thereafter actually delivered.

5. MECHANICS' LIENS ☞277(3) — LIEN ON HOMESTEAD; EVIDENCE ADMISSIBLE UNDER PLEADING.

A contract for materialman's lien on a homestead being complete on its face, evidence that the real contract was that it should secure payment, not only of price of material, as appeared on its face, but also of labor, in order to show that such real contract was invalid because resting partly in writing and partly in parol, was inadmissible under a pleading only that there was no valid lien, and not pleading omission of such material part of the agreement by fraud, accident, or mistake.

6. TRIAL ☞252(3)—EFFECT OF ERRONEOUS ADMISSION OF EVIDENCE.

The admission of evidence inadmissible under the pleadings did not authorize the court to submit the issue raised by such evidence.

7. MECHANICS' LIENS ☞76 — CONTRACT FOR LIEN ON HOMESTEAD ERRONEOUSLY OMITTING ITEM TO BE SECURED BY LIEN.

One who with his wife gives a materialman's lien on his homestead by written contract cannot defeat the lien by showing he also intended to cover the cost of the labor in such contract, but that he or his creditor failed to do so.

8. HOMESTEAD ☞165—ABANDONMENT OF PART BY INCONSISTENT USE.

The permanent appropriation of a part of the homestead tract to an inconsistent use is an abandonment thereof.

9. HOMESTEAD ☞165 — ABANDONMENT OF PART BY ERECTING BUILDING THEREON TO RENT.

The erection of a building upon a portion of the homestead tract with no view of making it a part of the homestead, but with the intention of renting it, is an abandonment of such portion of the tract.

10. MECHANICS' LIENS ☞310(3)—ATTORNEY'S FEES.

Where a portion of the homestead has been abandoned, in foreclosing a materialman's lien on such portion there is no legal objection to including the amount of attorney's fees in the foreclosure.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by the Adamson Lumber Company against Aaron Lipscomb and wife. From judgment for plaintiff, defendants appeal. Affirmed.

Lee R. Stroud, of Kaufman, for appellants.

James A. Cooley, of Kaufman, for appellee.

RASBURY, J. Appellee sued appellants to recover the sum of a series of promissory

notes and accumulated interest, together with attorney's fees provided for therein in case of default, and to foreclose the materialman's lien upon a lot in the town of Forney, alleging that the notes were given in payment of material used in erecting a building upon said lot, and that the lien was given to secure payment of same; both the lien and the notes being duly executed and delivered by appellants, Aaron Lipscomb and his wife, Millie. Appellants, in defense of the suit, pleaded that the premises upon which the lien was asserted was their homestead, "and there is no valid lien on same," and payment of the debt. The issue of payment was submitted to the jury, and verdict on that issue was against appellants, who concede the evidence will support the finding and as a consequence abandon that issue in this court. The issues of homestead and validity of the lien were not submitted to the jury, the court, upon the facts presently to be recited, awarding appellee judgment foreclosing the asserted lien against the premises and land. From the proceedings recited this appeal is taken.

On the issue of homestead and the execution of the contract the evidence, fairly considered, discloses in substance these facts: Appellants acquired a lot 40x116 feet and the residence thereon in the town of Forney in the year 1895, and continuously used and occupied the same as their homestead to the year 1901. At that time they acquired another lot 50x116 feet adjoining their homestead, with the intention of enlarging the homestead. The lot so acquired was used from the time of its purchase until 1914, as part of the homestead, a barn being built thereon, vegetables grown, fowls and pigs kept thereon. Appellants had a married son. His mother, the appellant Millie Lipscomb, was blind and feeble. Induced by the fact that the son's wife would be near to look after Millie and in consideration that the son would rent same, appellants concluded to build a cottage upon the lot last acquired. For that purpose they sought the aid of the appellee. An agreement was reached. According to Aaron Lipscomb and his son Green, it was agreed that appellee would construct the house for $397, furnishing both labor and material. According to T. W. Adamson, who was manager of the Adamson Lumber Company at the time, and I. E. Howell, who testified that he was present at the time the contract was made, the agreement was that the Adamson Lumber Company would furnish the material, aggregating $397, and T. W. Adamson would furnish the labor and do the construction work for $100, which it was agreed should be and which the witnesses testified was in fact paid cash in advance. The witness Adamson in his testimony explains that he personally agreed to do the construction work for the reason that the Adamson Lumber Company was a corporation and without authority to engage in such work. Subsequent to the foregoing appellants signed, acknowledged, and delivered to appellee a contract in writing promising to pay Adamson Lumber Company $397, with 10 per cent. per annum interest thereon, in monthly payments of $10, and reasonable attorney's fees in case of default, etc., which sum was said to be in payment of a bill of lumber and material sold and furnished appellants by the appellee and to be used by appellants for "the erection, repairs, and improvements on our homestead," and to be thereafter delivered. To secure payment of such material the contract recited that "it is hereby expressly understood and agreed that the said Adamson Lumber Company is hereby given and granted a mechanic's and materialman's lien * * * upon our said above-described homestead," describing the 50x-116 feet of land and being the lot last acquired by appellants. Subsequent to the execution and delivery of the contract lumber and material aggregating $397 was delivered to appellants and was used in constructing the cottage on the lot 50x116 feet. Adamson did build and erect the cottage, which was accepted by appellants, and for which he received the $100 agreed upon. When the cottage was finished appellants' son Green rented same from his father, paying therefor a monthly rental of $7, and has continuously occupied and paid the rent as agreed since the construction of same.

[1-3] The first contention is that appellee's pleading does not disclose the existence of a materialman's lien on the premises, and hence the court erred in awarding a foreclosure. The contention is, in effect, a general demurrer to the sufficiency of the petition, and was made for the first time in appellants' motion for a new trial. The sufficiency of the pleading to show a cause of action can, in our opinion, only be raised by a demurrer presented in due order, and, when overruled, can only be reviewed in this court upon exception properly noted in the judgment or otherwise. While the record does show that appellants plead the general demurrer as part of their answer, it fails to show that it was ever presented to or acted upon by the trial court. As a consequence, the presentation of such a claim for the first time in the motion for a new trial will not be considered, for the reason that it is waived, and for the further reason that it is the plaintiff's privilege to amend when the general demurrer is sustained to his pleading, if he can. The issue as raised in the present case would deprive him of that privilege.

[4-6] The contention is made, in effect, that the court erred in refusing to submit to the jury whether or not the contract admitted in evidence was, in fact, the entire contract actually agreed upon by the parties at the time. This contention is predicated upon the conflicting evidence of appellant

Aaron Lipscomb and his son Green, on the one side, and appellee's witnesses Adamson and Howell, on the other, concerning what the agreement was, and which we have recited in our statement of the case. The importance of that issue, counsel for appellants maintains, is found in the fact that, if the jury had believed the evidence of appellant, it would have resulted in a contract resting partly in writing and partly in parol, and, so resting, would be invalid and unenforceable under the Constitution and statutes authorizing liens for labor and material used in making improvements on the homestead. The provisions of the Constitution denying validity to liens against homesteads as security for debt incurred for labor or material used in improving same, save when same is contracted for in writing and consented to by the wife in the manner required for making sale and conveyance of homesteads, are familiar to bench and bar and contain no more in substance than we have briefly recited. Article 16, § 50, Const. To the provisions recited the Legislature has added, among other matters, that the contract required by the Constitution shall set forth "the terms thereof." Article 5631, Vernon's Sayles' Civ. Stats.; Id. Vernon's 1919 Supp. Tex. Civ. and Crim. Stats. The contract, the substance of which we have stated, contains, in our opinion, the essentials required both by the constitution and the article of the statutes. As relates to the Constitution, it recites, giving effect to all the language, that the material contracted for is to be used in the erection of or the repair and improvement of the homestead, and the consent of the wife given in the manner required. As relates to the statute requiring the "terms" of the contract to be set forth, it recites that material of the agreed value of $397 is to be delivered to appellants for use in erecting, repairing, and improving the homestead, fixes the time of payment, the rate of interest to be paid, confesses and grants a lien to secure payment thereof, and describes the land upon which the improvements are to be situated. It is true the contract contained no itemization or description of the material, by piece, quantity, or article, but obviously it would be proper to show by parol testimony the quantity, pieces, or articles that were agreed on, and that they were thereafter actually delivered as the contract contemplated they would be, without affecting the force or validity of the lien. The contract, then, upon its face being complete and one authorized by law for the purpose for which it was entered into, was it error for the court to refuse to submit to the jury whether the parties contracted for more than was contained therein, or, to put the matter precisely, whether it was agreed that a lien should be given to secure payment of both labor and material? We think not. Appellants do not by appropriate pleading present the issue that a material part of the agreement was by fraud, accident, or mistake omitted from the agreement. The only pleading filed by appellants other than the plea to the jurisdiction, general demurrer, denial, and plea of payment was "that the said land was and is their homestead and there is no valid lien on same." If it be conceded that under such plea appellants were entitled to show some fatal defect in the contract, for example, that it had not been acknowledged by the wife, it will hardly be contended that proof of omissions of material matter was authorized thereby. As we have indicated, the contract is complete for the purpose for which it was apparently executed. If as matter of fact something material was omitted therefrom, it was either the result of fraud, accident, or mistake, and until such claim is made in the pleading evidence should not have been admitted, and the fact that the court did erroneously admit such testimony did not authorize the court to submit the issue nor this court to reverse for failure to do so.

[7] We also conclude that the court's action in the respect stated may be approved for the further reason that appellant, in our opinion, cannot defeat a lien given to secure payment of material, on the ground that he also intended to cover the cost of the labor therein, but that he or his creditor omitted to do so.

[8-10] Appellants contend that the land upon which the cottage was erected and upon which the materialman's lien was confessed was at the time a part of appellants' homestead, and that as a consequence the court erred in foreclosing the lien thereon for the attorney's fees provided for in the lien in case of default. The evidence, in our opinion, makes it clear that the 50x116 feet of land, from the time of its purchase in 1901 until the time of the transactions preceding the signing of the contract in 1914, was used by appellants as part of their homestead. Appellee in this court, in effect, concedes as much, but asserts that it was abandoned. The claim, we are persuaded, is correct. The permanent appropriation of a part of the homestead tract to an inconsistent use is an abandonment thereof. Wynne v. Hudson, 66 Tex. 1, 17 S. W. 110. The erection of a building upon a portion of the homestead tract with no view of making it a part of the homestead, but with the intention of renting it, is an abandonment of such portion of the tract. Strang v. Pray, 89 Tex. 527, 35 S. W. 1054. It is practically without dispute in the case at bar that appellants built the cottage to rent to their son; in fact their son has actually rented it since it was built, a period of several years. Necessarily such design or intention was formed and preceded the execution of the contract, which is but the evidence thereof. As a consequence,

there was no legal objection to including the amount of the attorney's fees in the foreclosure.

The finding of the court that the lot 50x116 feet never had been the homestead of appellants we agree with appellants was erroneous, but, since the court subsequently withdrew that finding and since the finding is of no controlling effect on the other issues in the case, we pretermit further discussion of same.

The judgment is affirmed.