NANCE v. RUCKER et al.   (No. 3390.)

Court of Civil Appeals of Texas.   Texarkana.
April 21, 1927.

1. Homestead ⊜⟳33—Tenant in common of city lots, leased to tenants at time of executing deed of trust, did not have homestead interest therein.

Tenant in common of city lots, occupied by tenants from whom owners collected rents at time of execution of deeds of trust thereon, *held* not to have homestead interest therein which was not subject to mortgage.

2. Homestead ⊜⟳84—Tenant in common may claim homestead interest in common property, but interest must be limited to property used as homestead.

A tenant in common may claim a homestead interest in common property, which cannot be incumbered by a mortgage, but homestead interest is limited to property used for homestead purposes.

3. Homestead ⊜⟳33—Renting city lots is not homestead use, though revenues are used for support of family.

Renting city lots to tenants is not homestead use, though revenues resulting therefrom are used for support of family.

Appeal from District Court, Anderson County; Ben F. Dent, Judge.

Partition suit by Mrs. Sallie Word Nance against Miss Norma Rucker and another. From a judgment requiring partition of less interest than that claimed, plaintiff appeals. Modified and remanded.

Cotten & McCain, of Palestine, for appellant.

Ned B. Morris, Jr., of Palestine, for appellees.

HODGES, J.   This suit was filed by the appellant, Mrs. Nance, against Norma Rucker for the partition of 320 acres of land situated in Anderson county and lots 5, 4, 3, and a part of lot 2, situated in the city of Palestine. The appellant claimed in her petition to own an undivided two-thirds interest in the property, and alleged that the remaining one-third interest was owned by Norma Rucker. The facts show that the property was originally owned in common by W. R. and D. R. Rucker, two brothers, and their sister, Norma Rucker. They inherited the property in equal portions from their parents more than 10 years before this controversy arose. They all lived together in a residence owned jointly and situated on lot 5. Lots 4, 3, and a part of lot 2 were occupied by tenants, from whom the owners collected rents.

In 1919, and 1920, W. R. and D. R. Rucker became indebted to W. H. Nance, the deceased husband of the appellant, and secured their indebtedness by deeds of trust on their undivided interests in the lots above referred to and in the 320-acre tract of land situated in the country. In the course of time the undivided interests of W. R. and D. R. Rucker were sold under those deeds of trust, and purchased by W. H. Nance, through whom the appellant acquired title. At the time the deeds of trust were executed, W. R. Rucker was a married man, and he and his wife were residing on lot 5 as their homestead. At the instance of Norma Rucker, he was made a party to the partition suit. He later filed an answer, claiming a homestead interest in all of the lots situated in the city of Palestine at the time he executed the deed of trust to Nance, and alleged that the deeds of trust were void to that extent. In a trial before the court a judgment was rendered, awarding to Mrs. Nance a two-thirds interest in the 320 acres situated in the country and a one-third interest in the city lots. The court held that the homestead interest of W. R. Rucker extended to his undivided interest in all of the city lots, and that the deeds of trust were void as to them.

[1-3] The only question involved in this appeal is: Did W. R. Rucker, at the time he executed the deeds of trust to Nance, have a homestead interest in lots 4, 3, and a part of lot 2? It is conceded by the appellant that he did have such an interest in lot 5, on which he resided. The undisputed evidence showed that W. R. Rucker and his wife resided on lot 5, but had never resided upon any of the other lots, or used them in any way for homestead purposes. The houses situated on lots 4, 3, and a part of lot 2 had been rented to tenants for more than 10 years prior to the execution of the deeds of trust to Nance. It is well settled in this state that a tenant in common may claim a homestead interest in the common property, which cannot be incumbered by a mortgage. But his homestead interest in such cases is nevertheless limited to the property he uses for homestead purposes. If his interest in a lot used as a homestead is frac-

⊜⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(294 S.W.)

tional, and less than he might legally claim for a homestead, he cannot for that reason extend his exemption to property not appropriated to some form of homestead use. It is also well settled that renting city lots to tenants is not a homestead use, although the revenues resulting therefrom are used for the support of the family. Andrews v. Hagadon, 54 Tex. 571; Wurzbach v. Menger, 27 Tex. Civ. App. 290, 65 S. W. 679; Strang v. Pray, 89 Tex. 527, 35 S. W. 1054; Lipscomb v. Adamson Lbr. Co. (Tex. Civ. App.) 217 S. W. 228; Wynne v. Hudson, 66 Tex. 1, 17 S. W. 110; Medlenka v. Downing et al., 59 Tex. 32.

We think the court erred in holding that W. R. Rucker had a homestead interest in lots 4, 3, and a part of lot 2, and in refusing to award a two-thirds interest therein to the appellant. The judgment will therefore be modified accordingly, and the cause remanded for partition.