## In re WIGZELL.
### No. 1329.

District Court, W. D. Texas, Austin Division.

Feb. 27, 1933.

Joe L. Mays, of San Angelo, Tex., for Peerless Wire & Fence Co., petitioner on review.

Geo. S. Dowell, of Austin, Tex., for Mrs. Blanche G. Rodgers, creditor.

McMILLAN, District Judge.

The matter of the claim of the Peerless Wire & Fence Company presented in the estate of Henry Wigzell is before me on certificate from the referee for the Austin Division. The matter is submitted by the parties on the referee's original and additional findings of fact. It is accordingly unnecessary to do more than refer to these as they appear in the papers on file.

■ It is undisputed that no notice or account of any character was filed by the Peerless Company. Accordingly, no claim under article 5453, Revised Civil Statutes of Texas, as amended by Acts 1929, c. 478, § 1 (Vernon's Ann. Civ. St. art. 5453), is tenable. It further appears that the land in question on which the liens are asserted has been sold and brought less than the amount of Mrs. Blanche G. Rodgers' vendor's lien. Accordingly, it is unnecessary to consider any matter with regard to the priority of the Peerless Company's asserted lien as against Mrs. Rodgers' second and deed of trust lien.

■ It seems clear that the only matter at is-

464

sue here is whether the Peerless Company, having furnished approximately $4,000 worth of wire fencing, gates, nails, staples, and clamp bar tools, has a constitutional lien on this property and the fences in which it was subsequently placed to secure the balance due on the purchase price. This depends upon the construction of section 37, article 16, of the Constitution of the state of Texas:

"Mechanics, artisans and material men, of every class, shall have a lien upon the buildings and articles made or repaired by them for the value of their labor done thereon, or material furnished therefor; and the Legislature shall provide by law for the speedy and efficient enforcement of said liens."

I have carefully read and considered the authorities cited by both parties, and particularly the decisions in the cases of Ball v. Davis, 118 Tex. 534, 18 S.W.(2d) 1063, and Reeves v. York Engineering & Supply Co. (C. C. A.) 249 F. 513. I think it clear that this material furnished, or the fences that were subsequently made or repaired or improved with it, did not constitute buildings under the constitutional provision. Those cases in which liens were held to exist on fences were ones in which the fences were part of and appurtenant to buildings on which the liens were held to contemporaneously attach, and they could, therefore, be properly construed as part of the buildings themselves.

Accordingly, the matter narrows down to whether this material furnished, or the fences into which it went, can be classified as articles made or repaired.

The evidence shows that this wire fencing and appurtenant articles were shipped to the bankrupt by the Peerless Company, f. o. b. Leander, Tex., a point near his ranch. There was no reservation of any contract lien. A partial cash payment was made and two notes given for the balance. After the delivery of this fencing and other material, the Peerless Company's connection with it ceased, and whatever use was made of it was made by the bankrupt. There is no evidence that it was sold for the purpose of being put into or used in any particular improvement. On the contrary, the evidence, as found by the referee, indicates, rather, that it was simply an open sale of a commodity which could be used or disposed of by the vendee in any way that he saw fit.

I think that to hold that this fencing, or staples, nails, and gates, etc., constituted articles made or repaired, within the constitutional provision giving a lien to mechanics,

artisans, and materialmen, would be to stretch the provision far beyond what it obviously says or what the courts of Texas have construed it to say. I think that the case of Ball v. Davis, heretofore referred to, makes this very clear. If, as was found in that case, a workman who assisted in the setting of the casing in an oil well, attaching the various joints together until a completed string of casing was accomplished, was not entitled to a lien thereon as articles made or repaired by him, I can hardly see how it can be logically held that this company, furnishing material which could be used to build, or repair, or improve a fence, has a constitutional lien on that material sold under the circumstances hereinbefore set out, on the theory either that the material sold or the fence are articles made or repaired by them.

I do not think that the decision in Reeves v. York Engineering & Supply Co. (C. C. A.) 249 F. 513, supports the position of the Peerless Company in this case. That decision, when the facts are analyzed, is obviously predicated upon the proposition that the ice and refrigerating machinery furnished was for installation in an ice plant and was to be incorporated into and be an integral part of the building where that plant was maintained and operated, the building being specially designed and planned for that purpose.

If a lien is to be adjudged to exist in the instant case, then a lien would necessarily follow the sale of any commodity or material which might, collectively or separately, find its way into any improvement, regardless of its character.

While the word "improvement" is used in the decision of the Supreme Court of Texas in the Strang v. Pray Case, 89 Tex. 525, 35 S. W. 1054, and the Reeves v. York Engineering & Supply Co. Case, still I think it obvious that the word was used there as synonymous with "building" or other similar structure. The constitutional provision makes absolutely no reference to "other improvements," but simply mentions "buildings and articles made or repaired."

A very clear, able opinion has been filed in the case by the referee, and I do not feel it necessary for me to add anything further to his discussion of the matter in that opinion.

The order of the referee in this matter will be approved. An appropriate order for entry by this court may be prepared by counsel for Mrs. Rodgers, and, after submission to counsel for the Peerless Company, submitted to the court for settlement.