ATWOOD et ux. v. GUARANTY CONST. CO.
No. 1458—6144.

Commission of Appeals of Texas, Section B.
Oct. 18, 1933.

Vickers & Campbell, of Lubbock, for plaintiffs in error.

Wilson, Randal & Kilpatrick, of Lubbock, for defendant in error.

LEDDY, Judge.

Plaintiffs in error are husband and wife. In 1924 they acquired a lot 72 feet in width and 152.8 feet in length, extending through an entire city block in the city of Lubbock. They occupied as a home the residence situated on the east end of this lot, facing on Avenue O. They erected a garage near the north property line about 82 feet west of Avenue O. The west 70 feet of this lot, which fronted on Avenue P, had been separated from the remainder of the lot by a wire fence which seems later to have been torn down. The west end of the lot was unimproved and was used as a chicken yard and garden in connection with plaintiffs in error's' homestead.

In 1929 plaintiffs in error decided to improve the west end of their home place by building two residences, with a double garage. These residences were to face on Avenue P. It was contemplated that the houses would be used for rental purposes; the income therefrom, after the payment of the cost of their construction, was to be used for the support of the plaintiffs in error.

In order to obtain funds with which to erect these rent houses, plaintiffs in error executed a promissory note for the contract price of the proposed improvements and secured the same by a duly executed mechanic's lien which described the entire lot.

This suit was brought by defendant in error, the owner of the note given by plaintiffs in error, to recover the balance due thereon and to foreclose the mechanic's lien on the property described in the mechanic's lien contract.

Plaintiffs in error admitted the debt and the existence of a mechanic's lien to secure the same. They urged no objection to a foreclosure of the lien against the west part of the lot upon which the improvements had been constructed. They sought, however, a cancellation of the lien in so far as it affected the east 80 feet of the lot upon which was situated the residence which they used and occupied as a homestead. The ground upon which they sought cancellation was that no valid lien could be created upon their homestead for the erection of improvements not made thereon.

The trial court sustained the defense urged by plaintiffs in error. It rendered judgment for defendant in error for the balance due on the note with a foreclosure of the mechanic's lien on the west 72 feet of said lot and canceled the mechanic's lien on the east 80 feet of said lot.

Defendant in error duly perfected an appeal to the Court of Civil Appeals. That

court reversed the portion of the trial court's judgment foreclosing the mechanic's lien on the west part of said lot and rendered judgment in favor of defendant in error for a foreclosure of its mechanic's lien on the entire lot.

We conclude the trial court rendered a proper judgment and that the Court of Civil Appeals erred in not affirming the same.

The undisputed facts disclose that prior to the execution of the mechanic's lien contract for the erection of the two rent houses, the entire lot upon which plaintiffs in error's residence was situated constituted their homestead. They occupied the residence thereon as a place of abode for the family, while the west end of said lot was used in connection with their home as a chicken yard and for garden purposes.

The following plat fairly presents the situation as it existed after the erection of the rent houses on the west end of the lot:

A valid lien can be created upon the homestead for any improvements made upon the tract dedicated to that purpose. The only limitation upon the power to create such liens is that the improvements must be of such a nature that they may reasonably and fairly be used in connection with the proper use and enjoyment of the property as a homestead. If the home owner permanently appropriates a portion of the home tract for a use inconsistent with that of the homestead, such act upon his part constitutes an abandonment of that portion of the tract for homestead purposes. Strang v. Pray, 89 Tex. 527, 35 S. W. 1054; Wynne v. Hudson, 66 Tex. 1, 17 S. W. 110; Lipscomb v. Adamson Lumber Co. (Tex. Civ. App.) 217 S. W. 228.

When plaintiff in error entered into a contract to build the two residences for rental purposes, his action operated to segregate from his home tract such part thereof as was reasonably necessary for the proper use and enjoyment of said rent property. The permanent appropriation of this portion of the home tract for purposes inconsistent with its use as a homestead operated as an abandonment of it for homestead purposes.

Under the Constitution and statutes of this state, a valid mechanic's lien can be fixed upon the homestead only for improvements made thereon. It necessarily follows that a lien cannot be fixed on the homestead for improvements made on property which constitutes no part of the family homestead.

While it is not necessary in order that a valid mechanic's lien may be created on the homestead that the improvements be made upon the residence which is used for the purpose of a home, nevertheless it is essential that before such lien can be fixed the improvements made thereon must be of such a nature as not to be inconsistent with the homestead use.

Defendant in error contends that the case of Macomber et ux. v. Home Building & Loan Co. (Tex. Civ. App.) 291 S. W. 294, in which a writ of error was refused by the Supreme Court, is decisive of its contention in this case. There is nothing in the opinion in the case relied on contrary to the holding made by us in this case. In that case it was shown that appellants owned lots 1 and 2 in block 42 in the city of Beaumont. They segregated a portion of their home tract, 60 by 100 feet in dimension, upon which to erect a dwelling to be used solely for rental purposes. In pursuance of this purpose they executed a mechanic's lien upon that portion of the lot upon which the dwelling was to be erected to secure the payment of a note given to cover the cost of erecting the dwelling. After the house was completed appellants used it for rental purposes. They then built a fence around it so as to cut off all of the 100 by 60 feet described in the mechanic's lien contract with the exception of 46 feet by 74 feet which was the amount of land actually covered by the rent house. Under these circumstances the court very properly held that the appellee was entitled to a foreclosure on the land described in the mechanic's lien con-

tract. The effect of this holding was that appellants had segregated from their home tract 60 by 100 feet to be used in connection with the occupancy of the dwelling to be erected. Hence the lien created thereon was valid and they could not by subsequent action reduce the amount of land which they had solemnly agreed might be dedicated for use in connection with the rent house.

In the instant case plaintiffs in error have not abandoned the use of the east end of their lot for homestead purposes. Nor have they consented that it might be used in connection with the use of the rent houses. They have, however, conclusively evinced an intention to abandon the west 72 feet of the lot because it has been permanently appropriated by them to a use inconsistent with homestead purposes.

It is insisted that effect must be given to the testimony of Mrs. Atwood upon the trial that all of the lot was then their homestead as it had previously been. This was but a legal conclusion upon her part and is entitled to no weight when shown not to be justified by the facts upon which it was based.

■ Where a building to be used for rental purposes is erected upon a portion of a homestead tract, the mechanic's lien given for securing the cost of such improvements will attach to the land upon which the improvements are situated and which are essential to its proper use and enjoyment or such as may be shown was intended to be used in connection with such property. Strang v. Pray, supra. 1 Jones on Mtgs. § 142.

■ The surrounding facts and circumstances evince with reasonable clearness a purpose upon the part of plaintiffs in error to designate the west 72 feet as the amount of land which they deemed essential for use in connection with the occupancy of the rent houses. The dividing line between the home place and the rent houses is fairly shown to be the line upon which the rears of the garages on both lots are situated. It seems that at one time a fence was constructed on this line and that the rear of the garage on the home place was placed on approximately this line. We believe from all the surrounding circumstances that the trial court was justified in concluding that plaintiffs in error intended all of the land west of the rear of their garage to be used in connection with the rent houses.

We recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court affirmed.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.