

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

August 16, 1973

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. H- 88

Re: Exemptions from taxation
of property owned by cer-
tain disabled veterans and
their surviving spouses
and children, and others

Dear Mr. Calvert:

In November, Section 2 of Article 8 of the Constitution of Texas was amended by adding Subsection (b) as follows:

"The Legislature <u>may</u>, by general law, exempt property <u>owned by a disabled veteran or by the sur-viving spouse and surviving minor children of a dis-abled veteran.</u> A disabled veteran is a veteran of the armed services of the United States who is classified as disabled by the Veterans' Administration or by a successor to that agency; or the military service in which he served. A veteran who is certified as having a disability of less than 10 percent is not entitled to an exemption. A veteran having a disability rating of not less than 10 percent nor more than 30 percent <u>may</u> be granted an exemption from taxation <u>for property valued at up to $1,500.</u> A veteran having a disability rating of more than 30 percent but not more than 50 percent <u>may</u> be granted an exemption from taxation <u>for property valued at up to $2,000.</u> A veteran having a disability rating of more than 50 percent but not more than 70 percent <u>may</u> be granted an exemption from tax-ation <u>for property valued at up to $2,500.</u> A veteran who has a disability rating of more than 70 percent, or a veteran who has a disability rating of not less than 10 percent and has attained the age of 65, or a disabled veteran whose disability consists of the loss or loss of use of one or more limbs, total blindness in one or both eyes, or paraplegia, <u>may</u> be granted an exemption from

> taxation for property valued at up to $3,000. The spouse and children of any member of the United States Armed Forces who loses his life while on active duty will be granted an exemption from taxation for property valued at up to $2,500. A deceased disabled veteran's surviving spouse and children may be granted an exemption which in the aggregate is equal to the exemption to which the decedent was entitled at the time he died." (emphasis added)

Pursuant to the authorization contained in this Amendment, the Legislature enacted House Bill 80 "relating to exemption from taxation of property owned by disabled veterans and surviving spouses and children of deceased veterans." Section 13 of House Bill 80 states that its purpose "is to provide for exemptions under the authority of Article VIII § 2(b) of the Texas Constitution."

The constitutional language creates two separate categories of tax relief beneficiaries and treats them differently: (1) those in the severely disabled veteran class (or their surviving wives and children) may be accorded certain exemptions from tax liability for their property; and (2) the survivors (wife and children) of on-duty military personnel who die will be granted "an exemption from taxation for property valued at up to $2,500."

You have submitted four specific questions to us concerning the effect of House Bill 80. However, it is appropriate that we first determine whether any part of the constitutional provision is self-executing, and examine the constitutionality of the Act. If Article 8 § 2(b) of the Constitution is in no part self-executing and if House Bill 80 is unconstitutional, then answers to your questions would no longer be needed.

Generally, a constitutional provision may be said to be self-executing if it supplies a sufficient rule by means of which the right given may be enjoyed and protected or the duty imposed may be enforced; and it is not self-executing when it merely indicates principles, without laying down rules by which these principles may be given the force of law. Mitchell County v. City National Bank, 43 S.W. 880, 883 (Tex. 1898); City of Corpus Christi v. City of Pleasanton, 276 S.W. 2d 798 (Tex. 1955).

Obviously, Article 8 § 2(b) of the Constitution is not self-executing with regard to exemptions for disabled veterans and their surviving spouses and surviving children. The Legislature has been given discretion where exemptions in their favor are concerned. The Constitution does not command that any relief be given such persons. We think it within the authority of the Legislature to attach reasonable limitations and conditions to the enjoyment of such relief as it gives, if any, and that no exemption for such persons can exist unless the Legislature has created it by valid statute.

After careful study we have also concluded that the constitutional provision concerning exemptions for survivors of those "on-duty" military personnel who die is not self-executing in the "immediately operative" sense [Compare Strang v. Pray, 35 S. W. 1054 (Tex. 1896)], but rather contemplates and requires legislation on the subject. It speaks prospectively in that context ("will be granted . . .") (". . . any member . . . who loses his life while on active duty. . . .") and, in our opinion, is mandatory but not self-executing.

The provision does more than simply state a principle, but it obviously looks to the intervention of another authority. It does not indicate when the right to an exemption will accrue. It shapes, but does not give the exemption; it specifies that the exemption "will be given". We believe the passage places a mandatory duty upon the Legislature to enact a law specifying the effective date of the exemption for survivors of on-duty military personnel, but the exemption cannot be given effect until the Legislature acts. Duncan v. Gabler, 215 S. W. 2d 155 (Tex. 1948). See 16 C. J. S. Constitutional Law § 48, at p. 142; 16 Am. Jur. 2d, Constitutional Law § 94, at p. 280.

We are led to the foregoing conclusion by the manner in which the provision is integrated with the remainder of the section clearly contemplating prerequisite legislative action; by the absence of words of present execution used in other sections, e.g., "shall be exempt" (Art. 8 § § 1, 1-b; Art. 11 § 9); by the absence of any language indicating self-execution such as, "This amendment is self-operative" (Article 1, § 3a), "This amendment shall become effective upon its adoption" (Article 3 § 65); and by the fact that the title of House Joint Resolution No. 35, Acts 1971, 62nd Legislature, R. S., p. 4136, proposing the amendment anticipates that the Legislature will be instrumental in providing all the contemplated exemptions, including those to be enjoyed by such survivors. Consequently, we are of the opinion that the effective date for any Article 8 § 2(b) exemption applicable to survivors of on-duty military personnel is dependent upon valid legislation on the subject.

Is H. B. 80 valid legislation? The Legislature has specifically provided that the provisions of the Act are non-severable and that the invalidity of any one of its provisions will render the whole Act void. Section 14 of H. B. 80 reads:

> "Sec. 14. The provisions of this Act are declared to be non-severable, and if any provision of this Act is declared invalid by a final judgment of a court of competent jurisdiction as to any person, the Act is void."

In our judgment the Courts will, if presented the question, declare some of its provisions invalid and the statute (because of its non-severable clause) wholly void.

The Constitution says, in part:

> ". . . The spouse and children of any member of the United States Armed Forces who loses his life while on active duty will be granted an exemption from taxation for property valued at up to $2,500."

Section 5 of House Bill 80, purportedly implementing this portion of Art. 8, § 2(b), provides:

> "Sec. 5. The surviving spouse of a person who dies while on active duty in the armed services of the United States is entitled to an exemption of the first $2,500 of the assessed value of the spouse's property during the period that the surviving spouse remains unmarried."

Putting aside other questions about the statutory language, it is clear that the Legislature is without power to place limitations upon an unlimited exemption commanded by the Constitution, in the absence of constitutional authority to do so. Strang v. Pray, 35 S. W. 1054 (Tex. 1896). The Constitution grants no such legislative discretion with regard to the exemptions that must be allowed survivors of on-duty military personnel. The Consti-

tution does not limit such an exemption to surviving spouses of such personnel only so long as they do not remarry, and in our opinion any attempted statutory limitation to that effect would be held inoperative.

What is more, § 8(b) of H.B. 80 purports to grant an exemption to the estate of a deceased veteran. We find no constitutional authority for such a provision. The exemptions permitted by the Constitution are, we think, personal to the natural individuals designated and there is no provision in Article 8 § 2(b) of the Constitution authorizing an exemption for an artificial person. Subsection 8(b) of H.B. 80 is therefore invalid, in our opinion. See Deason v. Orange County Water Control and Imp. Dist. No. 1, 244 S.W. 2d 981 (Tex. 1952); City of Amarillo v. Amarillo Lodge No. 731, A.F. & A.M., 488 S.W. 2d 69 (Tex. 1973).

The Constitution does not specify the kind of property owned by disabled veterans or their survivors for which no taxes need be paid, nor which taxes they may escape. It only indicates the value of property for which tax liability might be abrogated by legislative action. Notwithstanding an ambiguity caused by the first sentence of Article 8 § 2(b), (". . .may. . . exempt property . . ."), we think it contemplates a personal status entitling one to be exempt from paying taxes for property valued below a certain figure. This is made clear by the language used to establish exemption maximums for veterans with variously classified disabilities (". . . an exemption from taxation for property valued at up to . . . .").

The constitutional amendment here was submitted to the people in the form of a "for or against" proposition reading:

> "The constitutional amendment allowing certain tax exemptions to disabled veterans, their surviving spouses and surviving minor children, and the surviving spouse and surviving minor children of members of the armed forces who lose their life while on active duty." Acts 1971, 62nd Legislature, Regular Session, p. 4136. (emphasis added)

The Honorable Robert S. Calvert, page 6 (H-88)

It did not mention the exemption of property; it specified the people to whom tax advantages were to be allowed.

If there is any ambiguity in the constitutional provision itself, it must be presumed that the ballot title fairly represented to the people the character and purpose of the proposed change. See R. R. Comm. v. Sterling Oil & Refining Co. 218 S. W. 2d 415 (Tex. 1949); Hill v. Evans, 414 S. W. 2d 684 (Tex. Civ. App., Austin,1967,writ. ref.,n. r. e.); Whiteside v. Brown, 214 S. W. 2d 844 (Tex. Civ. App.,Austin,1948,writ dism., w. o. j.); 16 Am. Jur. 2d, Constitutional Law, § 36, at p. 208; 16 C. J. S., Constitutional Law, §9(3), at p. 56.

The purpose of the constitutional provision, we think, is similar to the purpose of the "over 65 homestead exemption" also added in 1972 (Article 8, § 1-b(b); see Attorney General Opinion H-9 (1973)], i. e., to allow the benefited class to acquire and hold property of a limited value without assuming a tax burden therefor. We think the provision is intended to afford relief to those severely disabled veterans and to those surviving spouses and children (of deceased disabled veterans or of deceased persons on active military duty) in less fortunate circumstances who might (absent such relief) become public charges.

It is our conclusion, then, that none of the exemptions contemplated by Article 8§ 2(b) of the Texas Constitution can become effective until there is further legislation on the subject, and that no purpose would be served by detailing the intended operation of H. B. 80. We will therefore defer your specific questions. Moreover, because we feel the invalidity of §8(b) of H. B. 80 will cause the entire Act to fall, we need not discuss other aspects of the statute which might also cause it to be unconstitutional.

## SUMMARY

1. The constitutional exemption commanded by Article 8 § 2(b) of the Texas Constitution for survivors of military personnel who die while on active duty is mandatory but not self-executing and its effective date depends on legislation. Exemptions for disabled veterans and their survivors are dependent upon legislative discretion.

2.    The exemptions from tax liability accorded or authorized by Article 8, § 2(b) of the Constitution are personal to the natural beneficiaries named and may not be accorded artificial persons as H.B. 80, 63rd Leg., R.S., attempts to do.

3.    The Legislature is not empowered to attach conditions to the enjoyment of the constitutionally shaped exemption for surviving spouses of on-duty military personnel.

4.    The "non-severable" clause contained in H.B. 80 will cause the statute enacted to be declared void in its entirety.

5.    None of the exemptions contemplated by Article 8 § 2(b) of the Constitution will become effective until there is further legislation on the subject.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee