MARY A. D. HARN ET AL. v. AMERICAN MUTUAL BUILDING AND SAVINGS ASSOCIATION.

No. 1035. Decided November 25, 1901.

**1.—Homestead—Improvements—Lien—Attorney's Fees.**

Attorney's fees upon a note given for improvements upon the homestead are not such claims as the Constitution permits the husband and wife to secure by contract making them a lien on the homestead. Walters v. Texas Building and Loan Association, 8 Texas Civil Appeals, 500, approved, and American, etc., Association v. Harn, 62 Southwestern Reporter, 74, overruled. (Pp. 80, 81.)

**2.—Usury—Novation—Recovery on Original Contract.**

The assignee of a contract not usurious, making an usurious contract in aid and extension thereof, is not precluded from recovering on the first contract with lawful interest, where the transactions are distinct. (P. 81.)

**3.—Same—Pleading.**

Where the defense asserts usury only in the giving of a second contract in aid and extension of one not usurious, the plea does not present the issue of invalidity of the first as connected with the usurious contract in one continuous series of transactions. (P. 81.)

**4.—Practice in Supreme Court.**

Long v. Railway, 94 Texas, 53, followed as to practice in cases reversed and remanded by Courts of Civil Appeals. (P. 81.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

The Building and Savings Association sued to recover of Mrs. Harn and others, and appealed from a judgment awarding plaintiff only a partial recovery. On a judgment reversing and remanding the cause, appellees obtained writ of error on the ground of conflict with previous decisions.

*J. W. Cocke* and *T. P. Stone,* for plaintiffs in error.—The trial court did not err in refusing to give appellant foreclosure upon the homestead for the 10 per cent attorney's fee provided for in the mechanics lien contract and extension. Walters v. Building Assn., 8 Texas Civ. App., 500; Matthews v. Building Assn., 48 S. W. Rep., 745.

The extension note and deed of trust securing same are upon their face usurious. Building Assn. v. Biering, 86 Texas, 476; Abbott v. Building Assn., 86 Texas, 467; Falls v. U. S. S. & L. Co. (Ala.), 24

Law. Rep. Ann., 174, Building Assn. v. Rising, 34 S. W. Rep., 147; Building Assn. v. Griffin, 39 S. W. Rep., 656; Building Assn. v. Goforth, 57 S. W. Rep., 700.

When a usurious extension is contemplated and contracted for at time of executing original note, in a suit upon the usurious extension note plaintiff can not fall back upon nonusurious note to avoid plea of usury. They will be treated as one. This is what appellants attempt in this case. Bank v. Waggener, 9 Pet., 378; Gillmore v. Woolcock, 13 Wis., 589; Cousins v. Grey, 60 Texas, 346.

Under the facts appellant, if entitled to any foreclosure of mechanic's lien, was entitled only to foreclosure for such an amount as actually went into improvements upon the homestead, which the evidence shows to be not more than $500, and possibly into payment of taxes, appellant having notice that the lien was intended to cover a loan for other purposes than improvements. Banks v. House, 50 S. W. Rep., 1022; Paschall v. Loan Co., 47 S. W. Rep., 98; Stephenson v. Yeargan, 42 S. W. Rep., 626; Hurt v. Cooper, 63 Texas, 362; Bank v. Campbell, 46 S. W. Rep., 845.

*J. B. Scarborough,* for defendant in error.—There was and is no usury in the mechanic's lien note sued on, nor in the extension note and contract, and the court erred in holding either of said contracts usurious.

On the other hand, the following well considered cases have settled the question against the conclusion reached by the court in this case, to wit: B. and L. Assn. v. Lane, 81 Texas, 369; B. and L. Assn. v. Abbott, 85 Texas, 220; B. and L. Assn. v. Bryan, 54 S. W. Rep., 377.

The trial court erred in failing and refusing to give defendant foreclosure in its cross-action for the 10 per cent attorneys' fees provided for in mechanic's lien note and contract and the extension thereof.

This action of the court was based on the decision of the Court of Civil Appeals found in 29 Southwestern Reporter, 51. In 90 Texas, 480, Griffin v. Building and Loan Association, the Supreme Court established a different rule in cases like the present. The rule laid down in Griffin, supra, is followed in 56 Southwestern Reporter, 694, and attorneys' fees on mechanic's lien on homestead foreclosed.

WILLIAMS, ASSOCIATE JUSTICE.—This writ of error was granted, notwithstanding the cause, after reversal, was remanded by the Court of Civil Appeals for a new trial, upon the ground that there was a conflict between the decision of that court, holding valid a provision in a building contract executed by husband and wife for the improvement of their homestead which undertook to create a lien upon the homestead to secure an attorney's fee of 10 per cent of the sum fixed as the value of the work and material, in case such sum should be collected by law, and the decision of the Court of Civil Appeals for the Fifth District, in the case of Walters v. Building and Loan Association, 8 Texas Civil Appeals, 500. The conflict between the two decisions is palpable, and

hence this court acquired jurisdiction to grant the writ of error, although the cause was remanded.

We regard the decision in the case last cited as correct, and hence conclude that made in the present case was erroneous. It is unnecessary that we discuss the question, as we approve the reasoning of the court in Walters v. Association. Had this been the only point upon which the Court of Civil Appeals reversed the judgment of the District Court, our decision of it would lead to an affirmance of that judgment. But it was held to be erroneous in another particular, and such holding is also assigned as error, and it is necessary that we decide the question thus raised also.

The defendant in error sought to recover upon a note executed by Mrs. Harn and her husband to one Parrent for the alleged value of the improvement upon the homestead, and upon the contract for such improvement, giving a lien to secure the note, both of which had been assigned by Parrent to defendant in error; as well as upon a new note and deed of trust executed by the Harns to defendant in error, "in aid and extension" of the first stated instruments. The note to Parrent stipulated for 10 per cent interest. The note to defendant in error and the deed of trust contained various stipulations which were alleged by plaintiffs in error to constitute them an usurious contract.

The District Court sustained the plea of usury and allowed no interest. The Court of Civil Appeals, without deciding whether the second contract was usurious or not, held that, if it was, defendant in error was entitled to recover upon the first, which was not usurious, and that the District Court erred in not allowing the interest stipulated for in it.

Plaintiff in error does not dispute that the law would be as held in this decision if there were two distinct contracts, but contends that all of the instruments were given in one continuous series of transactions, pervaded throughout by the agreement that the second note and deed of trust should finally be given securing illegal interest, and that hence the whole transaction was tainted. Whatever may be the force the evidence lends to this contention, it can not be sustained, for the reason that the defense of usury is not so asserted in the pleadings. That defense is set up as originating in the giving of the second note and the deed of trust, and there is nothing in the plea to indicate that the usurious agreement had a previous existence. The District Court therefore erred, as held by the Court of Civil Appeals, in treating both contracts as usurious.

As there are a number of questions of fact in the case upon which the Court of Civil Appeals did not pass, and as that court remanded the cause, it must take that course. Long v. Railway, 94 Texas, 53.

*Reversed and remanded.*