## MACOMBER et ux. v. HOME BLDG. & LOAN CO. (No. 1465.)*

(Court of Civil Appeals of Texas. Beaumont. Feb. 10, 1927. Rehearing Denied Feb. 23, 1927.)

1. Mechanics' liens ⚜═▷182—Constitution does not limit liens for improvements on homestead to improvements on dwelling house itself (Const. art. 16, § 50).

The Constitution, art. 16, § 50, does not limit liens for work or material furnished for improvements to homestead property to improvements on the actual dwelling house itself.

2. Mechanics' liens ⚜═▷182—Mechanics' liens attached to all of owners homestead for erection of rent house on only part of property (Rev. St. 1925, art. 5460; Const. art. 16, § 50).

Where contractor's mechanics' and materialmen's liens were executed by owners on both lots constituting their homestead for erection of a house for rent on part only of the property, and liens were executed in compliance with Rev. St. 1925, art. 5460, lien attached to entire property under Const. art. 16, § 50.

Appeal from District Court, Jefferson County; J. D. Campbell, Judge.

Action by the Home Building & Loan Company against H. I. Macomber and wife. W. B. Drysdale intervened as assignee of the Home Building & Loan Company. From a judgment for W. B. Drysdale, defendants appeal. Affirmed.

Keen & McNeill and E. L. Nall, all of Beaumont, for appellants.

Thos. N. Hill, of Beaumont, for appellee.

HIGHTOWER, C. J. This is an appeal prosecuted by appellants, H. I. Macomber and his wife, from a judgment of the district court of Jefferson county (Sixtieth) in favor of appellee W. B. Drysdale for the balance due on a' promissory note executed by appellants and for foreclosure of a contractor's, mechanic's, and materialman's lien executed by appellants to secure the payment of the note.

The judgment is based upon the following facts:

On the 9th day of May, 1918, appellants were the owners of lots 1 and 2 in block 42 of the Cartwright addition to to city of Beaumont. They were occupying the property at that time as their homestead, and, in fact, they had been residing upon this property as their homestead for several years prior to May 9, 1918. On that date, appellants entered into a contract with one J. S. Meriweather to construct and erect upon a portion of these lots a house which appellants contemplated using as a rent house. They executed their promissory note in favor of Meriweather for $630, payable in small monthly installments, and at the same time executed in due form a contractor's, mechanic's, and materialman's lien to secure the payment of the note. This lien was given upon portions of both lots constituting their homestead; it being a piece of ground 100 by 60 feet in area fully described in the contracts between appellants and Meriweather, and being in the southeast portion of the homestead lots. The undisputed facts in the record show, and it is admitted by counsel for appellants, that, in the execution of the note and the lien above mentioned, our statute (article 5460, Revised Civil Statutes 1925) was complied with in every respect before any material or labor was furnished by Meriweather, and, in fact, before any work was done looking to the erection of the rent house until the contracts between the parties, both note and lien, had been duly executed. It is further admitted that Meriweather complied in all respects and in every particular with the contract on his part, and erected upon the 100 by 60 feet of ground described in the contract the rent house as he had agreed to do. After the house was erected, appellants used it as rent property, and put a fence around it so as to cut off all of the 100 by 60 feet of ground mentioned in the contract between the parties, with the exception of 46 by 74 feet thereof. This 46 by 74 feet is actually covered by the house as erected by Meriweather. Appellants thereafter continued to use the remainder of the 100 by 60 feet of ground, in connection with their main residence upon the property, for homestead purposes, as they had theretofore done.

After paying a number of installments of the note as they became due, appellants declined to make further payments, and the Home Building & Loan Company of Beaumont, to whom Meriweather had transferred and assigned the note, as well as the contractor's, mechanic's, and materialman's lien given to secure its payment, filed suit thereon, but before judgment the Home Building & Loan Company transferred the note and liens to W. B. Drysdale, who intervened in this suit, and in whose favor the judgment against appellants was rendered.

[1, 2] As we understand the sole contention made by learned counsel for appellants in this case, it is, in substance, that the attempted lien upon the 100 by 60 feet of ground being executed upon the homestead of appellants was invalid and void as to all of the 100 by 60 feet described in the contracts that was not actually covered by the rent house, which, as we have stated, was an area of 46 by 74 feet. We are not sure that we fully comprehend the contention of counsel for appellants, but, as best we understand it, it is that, since the rent house upon appellants' property was intended by them, not as their actual residence, but to be rented to tenants, this destroyed the lien that was attempted to be given upon part of the 100 by 60 feet not actually covered by the rent house itself. Counsel for appellants have cited no authority to support this contention, and they frankly admit that they have been unable to find any, nor have we. Unquestionably, the erection of this house by Meriweather upon the property of appellants was an improvement of that property, and it is our opinion that a valid lien upon it, as described in the contract between the parties, was expressly authorized by article 16, § 50, of our state Constitution. That article and section has never been construed by the courts of this state to mean that the improvements upon property constituting a homestead would have to be made upon the actual dwelling house itself, and we know of no authority, by analogy or otherwise, that sustains such contention.

Counsel for appellants have cited in their brief a number of cases by the appellate courts of this state in which it was held that a deed of trust executed upon a homestead actually occupied as such was wholly void, and our decisions to that effect are in harmony, but the execution of a deed of trust upon a homestead for the purpose of securing a loan of money is quite a different thing from the execution of a valid materialman's,

contractor's, and mechanic's lien upon a homestead for improvements upon a homestead itself; and, since it is admitted in this case that the statute prescribing the method of procedure to be followed in fixing such a lien was in all respects complied with, and since there is no inhibition in the Constitution against the lien so created, it follows that the judgment of the trial court must be affirmed, and it has been so ordered.