**GUARANTY CONST. CO. v. ATWOOD et ux.**
**No. 3652.**

Court of Civil Appeals of Texas. Amarillo.
Sept. 30, 1931.

Rehearing Denied Nov. 4, 1931.

Wilson Randal & Kilpatrick, of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellees.

JACKSON, J.

This suit was instituted in the district court of Lubbock county, Tex., by the plaintiff, Guaranty Construction Company, a corporation, against the defendants W. H. Atwood and wife, Mrs. Roxie Atwood, to recover the sum of $1,175, evidenced by a mechanic's lien note payable in monthly installments of $35 each, and to foreclose on certain real estate a mechanic's lien contract executed and delivered to the plaintiff by the defendants to secure the payment of the note sued on, together with other indebtedness not necessary to mention. The note sued on was also secured by a deed of trust on the same property, renewing and extending the mechanic's lien. The plaintiff sufficiently pleaded all the facts necessary to constitute its cause of action, and prayed for judgment for its debt and foreclosure of its lien.

The defendants answered by general demurrer, general denial, and pleaded that they were husband and wife, constituting a family at the date of the execution of the mechanic's lien on August 19, 1929, and had been such long prior thereto. That on the date of the execution of the mechanic's lien they resided on the property involved; occupied, used and claimed it as their homestead, the value of which, exclusive of improvements, was less than $5,000, and the entire property constituted a homestead. That they concluded they would abandon their homestead rights to the west portion of said tract and erect two houses thereon to be rented to others, but not to be occupied or used by them as their homestead. That they entered into negotiations for the construction of the two proposed renthouses, together with a double garage, which negotiations resulted in the execution and delivery of the note sued on and the mechanic's lien sought to be foreclosed by the plaintiff. That the plaintiff was informed at the time and knew that the property involved in this controversy constituted defendants' homestead, and that the two houses were to constitute rent property. That prior to the execution of the note and mechanic's lien, the defendants' homestead improvements consisted of a house, garage, and outbuildings on the eastern part of the tract involved and the renthouses, together with a double garage to be used in connection therewith, were erected on the western part of said tract. That there is now a division fence standing between the property occupied by the defendants as their homestead and separating the improvements thereon from the renthouses and garage erected by the plaintiff on the western part of said tract. That in preparing the mechanic's lien to secure the payment of the note sued on, said lien was drawn so as to embrace the entire homestead tract of the defendants, instead of the west part thereof upon which the two renthouses and garage were erected, but that the plaintiff knew of the homestead character of the property prior to the execution of the mechanic's lien, and such lien is void and ineffective as to the eastern portion of said tract on which the original improvements were located. That no part of the material furnished or work done in connection with the erection of the renthouses, garage, and improvements on the western portion of the homestead tract was furnished or used in the construction, repair, or in adding to the original improvements located on said tract of land used, occupied, and now claimed by the defendants as their homestead. Defendants admit that plaintiff has a valid lien against the portion of the original homestead tract west of said division fence to secure the payment of the debt sued on, but contend that the lien on the part of the tract east of said fence is void, and seek to have such lien canceled as to that portion of the original homestead tract upon which is located the original homestead improvements.

For the purpose of showing the part of the land claimed by the defendants as their present homestead, and the part thereof which

they claim to have abandoned, the following rough sketch will be of assistance.

The case was submitted to the court without the intervention of a jury, and judgment rendered against the defendant W. H. Atwood for the sum of $1,197.50, with interest thereon, with a foreclosure of plaintiff's lien limited to the west portion of the original homestead tract described as follows: A part of block 8, beginning at a point in the west boundary line of said block, 100 feet north of the S. W. corner; thence north 75 feet; thence east 70 feet; thence south 75 feet; thence west 72 feet to the place of beginning—and that the lien be and the same is hereby canceled in so far as it affects the balance of said homestead tract, from which judgment, excluding the eastern portion of the homestead tract from the foreclosure and canceling the lien thereon, this appeal is prosecuted.

It is conceded that the mechanic's lien was duly and legally executed, acknowledged, and delivered by the defendants in conformity with the Constitution and statutes for fixing a lien on homesteads, before any material or work was placed on the premises under and by virtue of the mechanic's lien. That the houses and garage were constructed according to the contract, and accepted by the defendants. The record discloses that the houses were built for rent purposes, were never used or occupied as their residence by the defendants, but were rented from time to time to different tenants who paid rent therefor; that all material and labor furnished went into the construction of the renthouses and double garage; that no fence was built or maintained by the appellees separating the land into two tracts; that the entire tract was appellees' homestead at the time the mechanic's lien was executed; that the mechanic's lien, mechanic's lien note, and deed of trust, upon which the suit is based, are in all respects regular, and describe the property covered by the liens as beginning at a point in the east boundary line of said block No. 8, 100 feet north of the southeast corner of said block for the southeast corner of this tract; thence north 75 feet for the northeast corner of this tract; thence west 152.8 feet for the northwest corner of this tract; thence south 75 feet for the southwest corner of this tract; thence east 152 feet to the place of beginning.

The appellant challenges as error the action of the trial court in refusing to render judgment for the plaintiff, foreclosing its lien on the entire tract, because it is uncontroverted that the liens were executed in full and formal compliance with the law providing for improvement liens on homesteads, and the liens sought to be foreclosed are valid on the entire tract.

Appellees contend that by the erection of renthouses on the western portion of their original homestead tract, and appropriating such portion of the homestead tract to a purpose inconsistent with its use as a homestead, they abandoned such appropriated portion, and, inasmuch as all of the labor and material was used in the erection and construction of the renthouses on such abandoned portion, the judgment of the court is correct.

Appellees rely on the principle announced in Blum v. Rogers, 78 Tex. 530, 15 S. W. 115, 117, and Lipscomb v. Adamson Lumber Co. (Tex. Civ. App.) 217 S. W. 228, 230, and other authorities announcing the same doctrine.

In Blum v. Rogers, supra, the Supreme Court says: "To protect lots in a town or city, not actually occupied by the family residence or its appurtenances, they must be substantially used by the family for home purposes. When they are detached by inclosures from the homestead lot proper, and are improved for the purpose of being leased to tenants, and of thereby producing an income, it is evident they are no longer used as adjuncts of the family residence, and should be no longer exempt from forced sale. The mere fact that portions of the land may be occasionally used for a family purpose, such as to grow vegetables, to shelter live-stock, or to furnish water, is not enough to shield it from sale under execution for the payment of the owner's debts. The principal use to which they are subjected must be looked to; and where, as evidently appears in this case, the main purpose to which the property is to be devoted is to bring in an income, and the family use is not only secondary and subordinate, but of trivial importance, the property should be no longer deemed a part of the homestead."

In Lipscomb et ux. v. Adamson Lumber Co., supra, it is said: "The permanent appropriation of a part of the homestead tract to an inconsistent use is an abandonment thereof. Wynne v. Hudson, 66 Tex. 1, 17 S. W. 110. The erection of a building upon a portion of the homestead tract with no view of making it a part of the homestead, but with the intention of renting it, is an abandonment of such portion of the tract."

▮▮ The action of appellees in placing renthouses on a part of their homestead tract of land, and putting such part to a use inconsistent with its use as a home, under the law announced in the cases cited, would be such an abandonment of that part of the homestead

162

as would subject the part so abandoned to forced sale for a valid debt under execution, independent of and without a mechanic's lien contract for improvements. However, as we understand these cases, they do not hold that putting a part of the homestead tract to such a use, as would in law constitute an abandonment of the homestead rights therein, would invalidate a mechanic's lien covering that part of the tract still occupied and claimed as a homestead, where such mechanic's lien was for a legal purpose, and executed in conformity with the law covering the entire homestead tract.

In our opinion, the holding in Macomber et ux. v. Home Building & Loan Co., 291 S. W. 294, 295, by the Court of Civil Appeals of Beaumont, in an opinion by Chief Justice Hightower, in which a writ of error was denied, the correct rule is announced, and sustains appellant's contention.

After reciting the facts which in all material respects are similar to the facts in the instant case, the law is announced as follows: "We are not sure that we fully comprehend the contention of counsel for appellants, but, as best we understand it, it is that, since the rent house upon appellants' property was intended by them, not as their actual residence, but to be rented to tenants, this destroyed the lien that was attempted to be given upon part of the 100 by 60 feet not actually covered by the rent house itself. Counsel for appellants have cited no authority to support this contention, and they frankly admit that they have been unable to find any, nor have we. Unquestionably, the erection of this house by Meriweather upon the property of appellants was an improvement of that property, and it is our opinion that a valid lien upon it, as described in the contract between the parties, was expressly authorized by article 16, § 50, of our state Constitution. That article and section has never been construed by the courts of this state to mean that the improvements upon property constituting a homestead would have to be made upon the actual dwelling house itself, and we know of no authority, by analogy or otherwise, that sustains such contention."

For the reasons stated, it is our opinion that the trial court erred in rendering judgment canceling the lien on the east part of said tract of land, and refusing to foreclose appellant's lien against the entire tract, as described in the mechanic's lien.

The judgment of the trial court is therefore reformed and here rendered foreclosing appellant's lien on the entire tract of land, and, as so reformed, is, in all other respects, affirmed.

On Motion for Rehearing.

We do not hold in our original opinion, as asserted by appellees in their motion for rehearing, that their homestead "was not improved under the mechanic's lien contract," nor do we hold that "the action of appellees in placing rent houses on a part of their homestead tract and putting such property to a use inconsistent with its use as a home" constituted an abandonment of that part of their homestead under this record. We do hold that as appellees, without fraud, accident, or mistake, executed a lien covering their entire homestead tract, could not invalidate such lien on the east part of said tract by erecting renthouses on the west part; that while such acts would be such an abandonment as would subject the west part to execution, independent of the mechanic's lien contract, such acts would not invalidate the mechanic's lien covering the east part of the tract.

The trial court does not find, as claimed by appellees, that they had, before the mechanic's lien contract was executed, abandoned a part of their homestead tract for the purpose of erecting renthouses thereon. His finding in the judgment is that the mechanic's lien is null and void on the east part of the tract, but if the judgment of the trial court can be construed to be a finding that, before the mechanic's lien was executed, the west part of the tract was abandoned, then the evidence is not sufficient to support such finding. Appellees also attack as erroneous the finding of this court that they did not build and maintain a fence separating the west part of the tract from the east part thereof.

Mr. Atwood testified that the renthouses were built on the tract he claimed as his homestead when the contract was executed. That there is a fence running east and west between the two renthouses. Prior to the erection of the renthouses, there was a fence of woven wire extending north and south about seventy-two feet east of the west property line of the entire tract. That this fenced off the west part of the tract which they were using as a garden and chicken yard. That when the appellants began the improvements, they tore down that fence, and some time thereafter he put a picket gate between the northwest corner of his old garage and the north property line and tied some of the woven wire to the southwest corner of his old garage, and run it to the northwest corner of the new garage. That Mr. Wilson took some of the woven wire and tied it to the southeast corner of the new garage, and extended it to the south property line. That the fence is wrecked, and they walk across it in going from one part of the lot to the other whenever they have occasion to pass back and forth.

Mrs. Atwood testified that, when appellant's representative came to negotiate with them about the renthouses, they were living there, occupying and claiming the tract as their home. That "We still claim that as our homestead. As to whether we claim either of the two rent houses as our homestead, we claim the land. * * * That whole tract has been our home ever since we moved on it." The west part of the tract before the

houses were built was used for chickens and garden. "The whole tract is as much our homestead as it ever was." There is a little gate tied to the corner of the garage, and is used to go back and forth across the land; "the fence along there is practically down."

■ The testimony is insufficient, we think, to show that the appellees abandoned their homestead rights to the west part of the tract at or before the execution of the mechanic's lien contract, or that appellant understood such to be their intention, nor is it sufficient to show that appellees built and maintained a fence segregating the west part from the rest of the tract.

If appellees had maintained a fence separating their residence from their garden and chicken yard, which they testified, in effect, that they were using for "family purposes" not "occasionally" but continuously, such acts prior to the erection of the renthouses would not constitute an abandonment of the garden and chicken yard as a part of their homestead, and the testimony fails to show that, after the erection of the renthouses, a fence was maintained segregating the land into two tracts.

The appellees also insist that "the alleged mechanic's lien of appellant was not given or created by the mechanic's lien contract. Such liens are not created by contracts. Such lien is given only by statute and the Constitution."

It is true that the courts have held that section 37 of art. 16 of the Constitution of the state is self-enacting and that mechanics, artisans, and materialmen, have a lien upon a building made or repaired by them for the value of the labor done or material furnished therefor. However, section 50 of art. 16 protects the homestead of a family from forced sale for the payment of all debts, except purchase money and taxes, or "for work and material used in constructing improvements thereon, and in this last case only when the work and material are contracted for in writing, with the consent of the wife given in the same manner as is required in making a sale and conveyance of the homestead."

■ Whether the lien is created by the Constitution or by contract on the homestead is immaterial to a disposition of this case, because it is certain that, in order to fix and secure the lien against the homestead for improvements, article 16, § 50 of the Constitution, and the statutes based thereon, must be complied with. It is conceded that this contract-lien was executed and delivered in conformity with the Constitution and statutes (Rev. St. 1925, art. 3839).

■ The appellees in their motion for rehearing assert that the judgment of the trial court includes attorney's fees provided for in the note. This does not appear in the face of the judgment, but, by a calculation of the principal and interest on the balance due, this contention seems to be correct. The appellant was entitled to recover a personal judgment against W. H. Atwood for the attorney's fees as well as the principal and interest, but, as we hold that the appellant is entitled to a foreclosure of his lien on the entire tract of land, the attorney's fees must be excluded from the amount for which the property is sold under order of sale. Summerville v. King et al. (Tex. Sup.) 84 S. W. 643; Harn v. American Mutual Bldg., etc., Sav. Ass'n, 95 Tex. 79, 65 S. W. 176.

The motion for rehearing is overruled.