### HUFSTEDLER et al. v. GLENN.
#### No. 8143.

Court of Civil Appeals of Texas. Austin.
April 10, 1935.

Remittitur Filed April 24, 1935.

Chas. Nordyke, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BAUGH, Justice.

Appellee sued appellants for the balance due on a note for $3,200 executed by them on October 22, 1931, payable in monthly installments of $53.12 each, and for foreclosure of a deed of trust lien on two lots in Lubbock, Tex., given by the makers to secure the payment of said note.

The defenses made by appellants in the trial court were that said property constituted their business homestead; that the note and lien sued upon were executed to take up, renew, and extend, three other sets of notes which were secured by mechanic's and materialman's liens on the property given for improvements made on said property; that the several contracts whereby such mechanic's and materialman's liens were sought to be fixed upon said property were so vague, indefinite, and uncertain as to be unenforceable had they been breached, and therefore did not and could not constitute a valid lien upon said property; and that because of its homestead character, appellee therefore obtained no valid lien upon said property by assignment from the holders of such purported liens, and that consequently its deed of trust fixed no lien on said property.

■ Lots 24 and 49, adjacent to each other, in block 1 of Dupree addition to the city of Lubbock are here involved. They were purchased by appellants in March, 1931, from W. Thomas and T. K. Thomas, who owned same separately, and who had theretofore executed paving notes and liens upon said lots in 1930, payment of which was assumed by appellants. As to these notes and liens therefor, being outstanding against the property before any homestead interest of appellants ever attached, no such exemption can apply.

■ The major portion of said indebtedness, however, was incurred by appellants to one Boles, contractor, for the erection of improvements on the property to be used as a business homestead. It is not controverted that a written contract, signed by Hufstedler and wife, privily acknowledged, describing the land, the general character of improvements to be made, etc., had been duly executed before any material was furnished or labor done on the premises, as required by the Constitution (article 16, § 50) and by article 5460, R. S. 1925. The contention here made is that such contract between appellants and Boles was too vague and indefinite to fix a lien on said property. This is predicated largely upon the fact that only the dimensions, material, and general character of the building to be erected were set out in said contract; and that, though the contract provided that the building was to be erected, "in accordance with the plans and specifications agreed upon by the parties and signed by them for the purpose of identification," no such specifications were ever prepared in writing, nor signed by the parties. Whatever bearing this failure to sign specifications might have had upon the rights of the contractor had he failed to perform his contract is, we think, rendered immaterial by the fact that after the building was completed appellants accepted it by written instrument, duly sworn to, stating that said building had been completed in full compliance with said contract.

■ But regardless of any irregularity in the transaction as between appellants and Boles, the contractor, whereby they undertook to fix a mechanic's and materialman's lien on the property in favor of Boles, it is now well settled that where the owners of homestead property induce another to lend money to take up and extend such debt against it upon the representation that a valid lien exists upon the property to secure such debt, they thereby estop themselves thereafter to assert its invalidity. And that is true even as to a lien originally void. Garrett v. Katz (Tex. Civ. App.) 23 S.W.(2d) 436, 438, and cases there cited; Farm & Home Savings & Loan Ass'n v. Muhl (Tex. Civ. App.) 37 S.W.(2d) 316, 320 (writ ref.). When, therefore, appellants, in their application to Temple Trust Company for the loan evidenced by the note here sued upon, represented that the lien they had given to Boles on said property was valid and outstanding, they estopped themselves to set up prior existing irregularities, if any, in its creation.

■ Nor is there any merit in appellants' contention that it was incumbent upon ap-

pellee to specifically plead all the facts which would authorize him to foreclose his lien on said property as the homestead of appellants. Neither the note nor the deed of trust sued upon in any manner indicate that said property was appellants' homestead, nor that they claimed it as such. The homestead question was, therefore, clearly a matter of defense to be pleaded by appellants. This they did fully, and, the issues being clearly presented by the pleadings, appellants could have sustained no injury.

 The remaining question raised is whether appellee's lien on said property extended to and secured the 10 per cent. attorney's fees provided for in said note. Each of the paving lien notes assumed by appellants provided for attorney's fees. These obligations were validly fixed upon said property prior to the time any homestead right in appellants attached, and as to them we think the attorney's fees therein provided were secured by a lien on the property. A different question is presented, however, as to the indebtedness for the other improvements; that is, the building erected upon the premises. The application made to the Temple Trust Company stated that the property was to be used as a business homestead when the building was completed. This application was dated prior to the date of the contract with Boles for the erection of the improvements. It thus appears that Temple Trust Company had notice of appellants' intention, at the time the mechanic's and materialman's lien was given Boles, to make said property their business homestead. This declaration of purpose, coupled with the erection of said improvements thereon, and the occupancy and continuous use of said premises as their business homestead after said building was completed, were clearly sufficient to impress said property with homestead character at the time Boles' contract lien was created. And the same rules apply to impressing homestead character upon business property as upon a residence homestead. Postal Savings & Loan Ass'n v. Powell (Tex. Civ. App.) 47 S.W.(2d) 343 (writ ref.); 22 Tex. Jur., pps. 62 and 264, and cases there cited.

 That being true, the lien of Temple Trust Company, having been given notice in advance of such homestead character, would extend only to such indebtedness against such homestead property as the Constitution and the statutes authorize. That is, only such moneys as were expended upon the improvements themselves. The attorney's fees provided for in the note to Boles could not fix a lien on said property. Walters v. Texas Bldg. & Loan Ass'n, 8 Tex. Civ. App. 500, 29 S. W. 51, wherein the holding on this point was expressly approved by the Supreme Court in Harn v. American Mutual Building & Loan Ass'n, 95 Tex. 79, 81, 65 S. W. 176. To the same effect also, see Summerville v. King, 98 Tex. 332, 341, 83 S. W. 680; Guaranty Const. Co. v. Atwood (Tex. Civ. App.) 43 S.W.(2d) 159. The fact, however, that no lien could be fixed on said property to secure such attorney's fees, does not prevent appellee from recovering a personal judgment against Hufstedler for the amount of same. See Walters Case, supra. The amount of the judgment rendered against Hufstedler was correct, but the court erred in awarding a foreclosure of the lien on said property to the extent of said attorney's fees. The foreclosure as to the balance of said debt was correct.

 Since, however, the paving lien notes, providing for attorney's fees, constituted a valid lien on the property prior to the time the homestead character of the property arose, the attorney's fees provided for in those notes were secured by the deed of trust given to appellee. However, the total debt evidenced by the note sued upon represented the unpaid balance on all of said notes, and we find nothing in the record from which to segregate the amount due on the Boles note from the amount due on the paving notes. That being true, we are unable to say how much of the total attorney's fees for which judgment was rendered are secured by said lien and how much are not so secured. If appellee will file a remittitur or waiver of its lien as to the attorney's fees awarded within ten days, the judgment of foreclosure will be reformed and affirmed accordingly. Otherwise, the case must be reversed and remanded to determine what portion of said attorney's fees are not subject to the lien foreclosed.

If remittitur is filed, judgment will be reformed and affirmed; otherwise, reversed and remanded.

### On Filing of Remittitur.

Pursuant to suggestion made in our original opinion herein, appellee has filed a remittitur of the trial court's judgment establishing and foreclosing a lien on said lands in so far as the attorney's fees are con-

cerned. The judgment of the trial court is accordingly reformed so as to deny a foreclosure of said lien to the extent of the attorney's fees included in said judgment, but in all other respects the judgment of the trial court is affirmed.

Reformed and affirmed.