## HOLLUMS et ux. v. GLENN.
### No. 8109.

Court of Civil Appeals of Texas. Austin.
April 10, 1935.

Rehearing Denied May 8, 1935.

H. D. Payne, of Floydada, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

Appellee, H. C. Glenn, receiver of Temple Trust Company, sued appellants, John A. Hollums and wife, on their several notes aggregating $2,900, payable to Temple Trust Company, and to foreclose a deed of trust lien given to secure the notes on two lots in Floydada, Tex. Appellant pleaded that the loan contract was usurious from its inception; and that since the lots in suit were homestead, the deed of trust lien was void, because in renewal and extension of former notes and deed of trust liens, which in turn were based upon three mechanic's lien contracts, all of which were void on their face, in that they were too indefinite as to the amount, kind and character of material to be furnished in the improvement of the homestead. The trial court, hearing the case without a jury, denied each defense pleaded by appellants, and rendered judgment for appellee as prayed; hence this appeal.

The loan contract is identical or similar in all material respects to the one involved in the case of Walker v. Temple Trust Company (Tex. Civ. App.) 60 S.W.(2d) 826, affirmed by the Supreme Court, 80 S.W.(2d) 935, wherein the loan contract was construed as clearly manifesting an intention on the

part of the loan company to avoid the collection of usurious interest.

■ Nor do we sustain the contention of appellants that the mechanic's lien contracts were void on their face, because they did not describe the quantity, kind and character of the material or labor to be furnished in the homestead improvement. The mechanic's lien contracts were dated, respectively, March 7, 1925, April 5, 1927, and June 6, 1927, and the mechanic's lien notes were for $2,000, $1,500, and $1,000, respectively. Each mechanic's lien and note was duly signed and acknowledged by the husband and wife as required by article 5460, R. S., 1925, and each of them was filed and recorded in Floyd county. Each note recited as follows: "It is hereby expressly agreed and understood that this note is given in part payment for labor and material to be furnished and improvements to be made upon the following property, situated in Floyd County, Texas, and described as follows."

Each mechanic's lien contract described the lots in suit, being lots 7 and 8, block 89, town of Floydada; and each of them recited as follows: "That whereas Willson & Son Lumber Company of Floydada, Floyd county, Texas, contemplate furnishing, and have this day agreed to furnish to the undersigned John A. Hollums and wife, Maud E. Hollums, of Floyd County, Texas, for the improvement of our homestead hereinafter described, lumber, material and labor in the sum of Two Thousand Dollars."

The balance due on these mechanic's lien contracts was duly assigned to Wm. M. Peck, who in turn assigned same to Temple Trust Company. Prior to these assignments, on April 10, 1928, appellants and J. M. Willson, representing Willson & Son Lumber Company, made the following affidavit, which was also duly recorded in Floyd county, April 12, 1928:

"Before me, a Notary Public, in and for Floyd County, Texas, on this day personally appeared Jno. A. Hollums and his wife, Maud E. Hollums, and J. M. Willson, member of the firm of Willson & Son Lumber Company, contractor, who each and jointly do solemnly swear that no work has been done and no material placed on the ground known and described as 100x150 ft., Lots 7 and 8 in Block 89, of the town of Floydada, Texas, prior to March 7, 1924, April 7, 1927, and June 7, 1927, respectively, being the respective dates on which said Willson & Son Lumber Company did contract to fur-

nish labor and material to erect a residence, green houses, and other buildings respectively, under the mechanic's and materialman's liens of said respective dates, for the said John A. Hollums and Maud E. Hollums, under Mechanic's and Materialman's Liens.

"That the mechanic's lien notes for $2000.00, $1500.00 and $1000.00, respectively, on said property that day given to Willson & Son Lumber Company, by it transferred to Wm. M. Peck, and by Wm. M. Peck sold to Temple Trust Company are secured by a just and valid first lien on said property."

The law is settled that a contract signed by the husband and wife, giving a materialman's lien upon their homestead for material for the "erection, repair, and improvements on our homestead," and reciting consideration, time of payment, and rate of interest, is sufficient, although containing no itemization or description of material, since it could be shown by parol the quantity, prices, or articles that were agreed upon, and that they were thereafter actually delivered. Lipscomb v. Adamson Lbr. Co. (Tex. Civ. App.) 217 S. W. 228. This is not true of involuntary liens when fixed under applicable statutes, but is true of voluntary mechanic's liens fixed under article 5460. Harrop v. National Loan & Inv. Co. (Tex. Civ. App.) 204 S. W. 878, writ refused; Myer v. Fruin (Tex. Sup.) 16 S. W. 868.

■ But regardless of any irregularity in the mechanic's lien contracts as between appellants and the Willson & Son Lumber Company, the materialman, whereby they undertook to fix a materialman's lien on the homestead property, it is now settled law that since appellants induced appellee to invest its money on the faith and credit of the mechanic's lien on the homestead, they are estopped to assert as against appellee the invalidity of such lien. Farm & Home Savings & Loan Ass'n v. Muhl (Tex. Civ. App.) 37 S.W.(2d) 316; Hufstedler v. Glenn, Receiver of Temple Trust Co., 82 S.W.(2d) 733 this day decided by this court, wherein the question is fully discussed.

And for the same reason appellants are also estopped to contend that the material and labor were furnished prior to the execution of the mechanic's lien contracts. These contracts recite that the material and labor contracted for were to be later furnished, and the affidavits executed in connection with the acceptance of the improvements

expressly state that the labor and material were furnished after the execution of the mechanic's lien contracts.

But aside from the question of estoppel, and if it could be said that there was any conflict in the evidence as to whether the labor and material were furnished after the execution of the mechanic's lien contracts, such issue was found in favor of appellee by the trial court.

The judgment of the trial court will be affirmed.

Affirmed.