## GLENN v. NOAH et ux.

### No. 8558.

Court of Civil. Appeals of Texas. Austin.

April 12, 1939.

Rehearing Denied July 5, 1939.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellant.

Lockhart & Brown, of Lubbock, for appellees.

BLAIR, Justice.

This is a usury case. The loan contract involved is identical in form and substance with those held to be usurious by this court in the cases of Temple Trust Co. v. Stobaugh, 59 S.W.2d 916, and Temple Trust Co. v. Haney, Tex.Civ.App., 103 S.W.2d 1035, which cases were expressly approved by the Supreme Court in the case of Temple Trust Co. v. Haney, 107 S.W.2d 368, and in which the motion for rehearing was overruled April 5, 1939.

In the instant case the Temple Trust Company required appellees to execute notes aggregating $4,000, payable over a period of ten years, with interest at seven per cent per annum, payable semi-annually; but .advanced only $3,600, deducting ten per cent from the face value of the notes representing the loan contract. Payments aggregating $3,174.64 on the original loan were credited, leaving a balance of $425.56 due. Additional advances were included in renewal notes which were not usurious, and which, together with the balance due on the original loan aggregated $1,085.31, for which amount judgment was rendered for appellant, and which judgment is not contested. The enforcement of the acceleration of payment provisions of the original loan contract would have, under the terms of the loan contract, required the payment of interest on the $3,600 actually advanced at a rate in excess of the ten per cent per annum and the original loan contract was therefore usurious.

The judgment of the trial court will be affirmed.

Affirmed.

### On Motion for Rehearing.

Both appellant and appellees have filed a motion for rehearing. The motion of appellant is overruled. ·

The motion of appellees urges four cross-assignments of error which they presented in their original brief, but which were not discussed in the original opinion.

All cross-assignments of error are overruled, except the fourth, by. which it is contended that the· court erred in foreclos-, ing the deed of trust lien in suit for $70.45, attorney's fees, which fees were predicated upon the amount of paving and tax indebtedness paid by appellant against the property involved and included in the renewal note and deed of trust lien involved in this suit. The law is well settled with regard to this point in Walters v. Tex. Bldg. & Loan Ass'n, 8 Tex.Civ.App. 500, 29· S.W. 51, 53, wherein the court said: "It is also insisted that the 10 per cent. attorney's fees cannot be recovered and enforced as a lien upon the homestead. Such attorney's fees are not embraced within the exceptions named in the constitution for which the homestead may be incumbered and subjected to forced sale. It is not a liability for which the parties may contract and incumber the homestead. * * * We are of the opinion that appellee had the right to

recover the attorney's fees, but that no lien upon the homestead existed to secure the payment of such attorney's fees."

The identical question was also determined in Hufstedler v. Glenn, 82 S.W.2d 733, by this court.

The amount of the judgment rendered against appellee J. I. Noah is correct, but the court erred in awarding a foreclosure of the lien on the homestead property to the extent of the $70.45 attorney's fees, and the judgment is accordingly reformed so as to deny a foreclosure of such lien to the extent of the attorney's fees for $70.45, and is in all other respects affirmed.

Appellees' Motion Granted in Part and in Part Overruled.