## Biebel Roofing Company, Inc., Appellant, v. Samuel Pritchett and Martha Pritchett, Appellees.

248

Opinion filed October 28, 1940.    Rehearing denied December 11, 1940.

D. F. Moore and Eovaldi & Eovaldi, both of Benton, for appellant.

J. E. Carr, of West Frankfort, for appellees.

Mr. Justice Dady delivered the opinion of the court.

During all of the times in question Samuel Pritchett owned, and he and his wife occupied as a homestead, a house and lot in Franklin county.

Pursuant to a written contract with Samuel Pritchett, the plaintiff put a new roof on such house. The contract price was $150, and to evidence such indebtedness Samuel Pritchett, at the time of executing the contract, also executed and delivered to the plaintiff a judgment note for $150, payable to plaintiff in instalments without interest. The note contained the usual provision for the allowance of a reasonable attorney fee to the holder thereof in the event of the entry of judgment.

Thereafter there was paid on the note the sum of $44, and thereafter plaintiff obtained in the circuit court a judgment by confession on such note in the sum of $131 against Samuel Pritchett. In such sum of $131 there was included $25 as attorney fees. Thereafter, by virtue of an alias execution issued on such judgment, the sheriff levied on and sold the real estate in question to the plaintiff, and after the time for redemption had expired issued a deed conveying said real estate to plaintiff. No attempt was made at any time to set off the homestead.

After demand for and refusal of possession the

plaintiff instituted in justice court this action of forcible entry and detainer against defendants Samuel Pritchett and Martha Pritchett, his wife. On appeal, the circuit court entered judgment in favor of defendants, and plaintiff brings this appeal to review such judgment.

Plaintiff contends and defendants deny that such sheriff's deed deprived defendants of their homestead in, and consequent right to the possession of, the premises.

The right of homestead is based on section 1 of chapter 52 of our statutes which provides, so far as is material, that every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $1,000, in the lot of land and buildings thereon, owned or rightly possessed and occupied by him or her as a residence, and that such homestead, and all right and title therein, shall be exempt from levy or execution or sale for the payment of his debts or other purposes "except as hereinafter provided." Section 3 of the same statute provides that no property shall by virtue of such act be exempt from sale "for . . . a debt or liability incurred for the . . . improvement thereof."

Plaintiff contends that the debt or liability for which the property was so sold was incurred for the improvement of the real estate and that therefore the homestead in such real estate was not exempt from the sale in question. With this contention we cannot agree. The original debt for the improvement was $150 evidenced by the note. This debt was reduced to $101 before judgment. Judgment was not rendered and the property was not sold for this debt of $101 but there was included in the judgment $25 as attorney fees, which fees were no part of the original debt so incurred for the improvement of the real estate. Attorney fees are not embraced within the exceptions in said section 3 for which a homestead may be subjected to forced sale.

In *Walters v. Texas Building & Loan Ass'n*, 8 Tex. Civ. App. 500, 29 S. W. 51, the opinion states that the constitution of Texas provides that "the homestead of the head of a family shall be and is hereby protected from forced sale for the payment of all debts, except for . . . work and material used in constructing improvements thereon . . . ." The court said: "It is also insisted that the 10 per cent. attorney's fees (provided for in the note sued on in such case) cannot be recovered and enforced as a lien upon the homestead. Such attorney's fees are not embraced within the exceptions named in the constitution for which the homestead may be encumbered and subjected to forced sale. It is not a liability for which the parties may contract and encumber the homestead. . . . When the property cannot legally be encumbered, except for certain purposes specified in the constitution, a liability not embraced in such purposes cannot become, by contract, a charge upon the property on account of the fact that it is coupled with another obligation with which the property may be charged." The holding in this case was approved by the Supreme Court of Texas in *Harn v. American Mut. Bldg. & Sav. Ass'n*, 95 Tex. 79, 65 S. W. 176.

In the instant case the sale, as we have pointed out, was held under a judgment which was based on a contingent liability for attorney fees under the note as well as a fixed liability or debt for the improvement. The plaintiff having combined both claims against the defendant Samuel Pritchett in a single judgment and having proceeded to a sale under that judgment, has failed to bring its rights within the exceptions provided in section 3. The sheriff's sale and deed, under these circumstances, did not deprive said defendant of his homestead rights, which rights included the right to remain in possession of the premises until such homestead was legally divested.

We consider it immaterial that there was no evidence tending to show the value of the real estate. A purchaser on execution of land worth more than $1,000, in which the judgment debtor has an estate of homestead, without setting off the homestead, gets no title which is available in a proceeding at law for the possession of the premises, because the court cannot determine how far the homestead right will extend. (*Diets v. Hagler,* 309 Ill. 381.) If the land was worth less than $1,000, the deed did not affect the title of Samuel Pritchett but was a nullity. (*Gray v. Schofield,* 175 Ill. 36.)

The plaintiff not having shown a right to possession, the judgment of the lower court is affirmed.

*Affirmed.*