STRICKLIN et al. v. SOUTHWEST RESERVE LIFE INS. CO. et al.

No. 6525.

Court of Civil Appeals of Texas. Texarkana.
Oct. 26, 1950.

Rehearing Denied Nov. 23, 1950.

Hatchell, Storey, Hatchell & Rainey, and Harvey P. Shead, Longview, for appellants.

Merritt H. Gibson, Longview, for appellees.

## HALL, Chief Justice.

Appellee Southwest Reserve Life Insurance Company instituted this suit in the District Court of Gregg County against J. A. Stricklin and wife, appellants, on a $10,000 note and to foreclose a mechanics' and materialman's lien on their homestead situated in the City of Longview. Appellee L. W. Perkins, assignor of said note and lien to the insurance company, was made a party-defendant as a junior lienholder. Appellants answered that the property involved was their homestead and that the insurance company was not an innocent purchaser of the note and lien; that said lien was not executed in compliance with the statutory and constitutional provisions of this state and, therefore, was void; that the lien contract was too general to constitute a lien on their homestead in that there was no fixed price to be paid to the contractor by appellants for the construction of the improvements; that there were no written specifications showing the kind and quality or amount of material and labor to be furnished and performed and the probable cost thereof; that the written agreement did not advise his wife of the amount of the lien to be placed against her homestead. Appellants answered further that the house was not completed according to the contract; that the plans were abandoned and the improvements were constructed substantially different therefrom; that changes were made in the plans by the husband without the knowledge or consent of the wife; that the amount of material and labor claimed by appellees did not go into construction of the improvements; that the prices paid for labor and material were excessive; and that all bills for labor and material had not been paid by the contractor as provided in the contract. In the alternative appellants allege an oral agreement between them whereby the insurance company agreed to divide the $10,000 note into $85 monthly payments. The issues were joined on all defenses of appellants.

Upon the jury verdict favorable to appellees, judgment was entered for them for the full amount of the indebtedness, foreclosing the mechanics' and materialman's lien only as to the principal and interest of the note. The trial court refused to fix a lien for attorneys fees or any amount due appellee Perkins in excess of the amount of $10,000 expressed in the note.

By their points 3 and 4 appellants assert that the trial court erred in submitting special issues 1 and 2 for the reason that they contain a number of ultimate issues, are duplicitous, confusing, ambiguous, conflicting, and amount to a charge upon the weight of the evidence. Those special issues with the jury's answers to them are:

"Special Issue No. 1:

"What amount of money, if any, do you find from a preponderance of the evidence was expended by L. W. Perkins for costs necessarily incurred in constructing *improvements* on the premises belonging to J. A. Stricklin and wife, Alice Stricklin, at prices and rates not in excess of the standard paid in Longview, Gregg County, Texas, at the time the work was performed?

"Answer in dollars and cents, if any.

"Answer: $10,360.69.

"Special Issue No. 2:

"Do you find from a preponderance of the evidence that L. W. Perkins constructed *improvements* on the premises of J. A. Stricklin and wife, Alice Stricklin, in substantial compliance with the plans prepared by O. A. Kennemer, dated January 19, 1948, and numbered 370?

"Answer yes or no.

"Answer: Yes."

On March 30, 1948, appellants owned and occupied Lot No. 4, Block No. 6, of the Turner Addition to the City of Longview, as their homestead. On this date they entered into a contract with appellee L. W. Perkins as contractor to make certain improvements to their home "strictly according to the plans and specifications" made a part of the contract. The plans for the improvements were prepared by

O. A. Kennemer for appellants in January before the building contract was consummated. No specifications were prepared. The contract provided for a note in the sum of $10,000, which was executed by appellants as the maximum consideration for the improvements, and the contract fixed a mechanics' and materialman's lien on the premises to secure the payment of said note. The record reflects that the lien and note were executed in full compliance with art. 16, Sec. 50, of the Constitution, Vernon's Ann.St., of this State and art. 5460, Vernon's Annotated Civil Statutes.

As we view the contest here it was incumbent upon appellees to establish before the court and jury the amount expended by them for material and labor measured by the standards of prices and rates in the City of Longview, Texas, plus ten per cent contractor's fees, in constructing said improvements. This was an ultimate issue and constituted a main ground of recovery. Special issue No. 1, set out above, does this very thing. It does not, in our opinion, contain more than one ultimate issue but is couched in the very language of the contract. This issue is in compliance with Rule 279, Texas Rules Civil Procedure, wherein it is said: "Where the court has fairly submitted the controlling issues raised by such pleadings and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue."

Wichita Falls & Oklahoma Railway Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; A. B. C. Storage Company v. Herron, Tex. Civ.App., 138 S.W. 211 (w/d); Texas Employers Insurance Association v. Reed, Tex. Civ.App., 150 S.W.2d 858 (w/d); Attebery v. Henwood, 177 S.W.2d 95, by this court (w/r, N.R.E.). Point three is overruled.

What we have said above with reference to the form and substance of special issue No. 1 is applicable to special issue No. 2, and we shall not discuss that phase any further.

It was a sharply contested issue in the trial court, and is here, whether appellee Perkins constructed the improvements on appellants' premises in substantial compliance with the contract. This, as said by appellants in their brief, "is the ultimate and controlling issue in the case." It is certainly a very vital issue in the case. Much of the evidence in the record has to do with this fact. It is undisputed in the record that some changes were made in the plans at the instance of appellant J. A. Stricklin, the husband. It was contemplated by the parties to the contract that the improvements would consist of an addition to an old house; that the finished structure would be one and a half stories with five rooms and bath on each floor, with two dormer windows in the roof and three doors in the front. When part of the old building was torn away it was found that the half story called for by the plans would have to be made a full story, on account of the fact that the rafters of the old roof were resting on the extensions of the ceiling joists rather than the plate on the top of the side walls. This was done and the dormer windows were omitted from the roof as well as one of the front doors. In practically all other respects the improvements were constructed in accordance with the plans which formed the basis for the contract and was made a part thereof. When finished there were five rooms and bath downstairs and five rooms and bath upstairs. Basically, appellants got the home they contracted for. Furthermore they were on the premises during all of the construction; they lived in the old kitchen which was joined to and formed a part of the finished home.

It is well established by the decisions in this state, even where a homestead is involved, that substantial compliance with the contract in constructing improvements on the homestead satisfies the law. Harrop v. National Loan & Investment Co., Tex.Civ.App., 204 S.W. 878 (w/r). In Paschall v. Pioneer Savings & Loan Co., 19 Tex.Civ.App. 102, 47 S.W. 98, 100 (w/r), it is said: "By a long line of decisions in this state, it is well settled that, in order to recover on a contract (such as here involved), there must have been, at least, a substantial performance thereof

by the party seeking a recovery thereon * * *."

Stout v. Sommers, Tex.Civ.App., 28 S.W.2d 247, affirmed, Tex.Com.App., 44 S.W.2d 901; Sec. 481, p. 585, Speer's Law of Marital Rights, 3rd Ed. From a very careful study of this record we have concluded that the jury's finding of substantial compliance with the contract finds sufficient support in the evidence. Appellants' point 4 is overruled.

■ Appellants also contend that the trial court erred in rendering a money judgment against them for $10,000 principal, interest and attorneys' fees, for the reason that there remained unpaid by Perkins on said improvements some unpaid accounts. As heretofore pointed out in our discussion of special issue No. 1 the jury found that contractor Perkins had "expended" on said improvements the sum of $10,360.69. The record shows that this amount was paid by appellee Perkins on the job for work and materials. The building contract between the parties provided that the contractor shall pay "all expenses incident to the said labor and the furnishing of materials" and shall be reimbursed "for all costs necessarily incurred for the proper prosecution of the work and paid directly by the contractor." It must be remembered that the contract was on a cost plus basis not to exceed $10,000, the amount of the note and for which judgment was rendered and lien foreclosed.

■ The contention is made also that certain items of expense such as rent for power saw, paint brushes, ice water, social security, workmen's compensation insurance, keeping records, etc., were not proper charges against appellants under the contract. The record, we think, substantiates the fact that such items were necessary in the proper prosecution of the work. It is undisputed that the power saws speeded the construction and thereby materially lessened the costs. There is ample evidence in the record to support the contention that these extra charges were reasonable and customary in that vicinity as related to the building trade. The $50 bonus allowed the painter foreman was for

the purpose of absorbing all overtime earned on the painting job. These items in our opinion are legitimate charges and constitute a part of the construction cost of the improvements and are covered by the contract.

■ Appellants contend by point six that the trial court erred in entering judgment against them for the reason that there is no finding by the jury that the alleged *Mechanic's and Materialman's Lien Contract "was substantially complied with, which is the ultimate issue in the case."* Special issue No. 2 made inquiry as to whether Perkins, contractor, constructed the improvements on the premises in substantial compliance with the "plans" prepared by O. A. Kennemer. It has heretofore been pointed out that the contract is built around the Kennemer plans. The contract required the contractor to construct the improvements according to the plans prepared by Kennemer. (Italics ours). So, it seems to us that the finding by the jury in answer to issue No. 2 that the construction of the improvements substantially complied with Kennemer's "plans" is tantamount to a finding that the construction of the improvements substantially complied with the "contract" between the parties. No specifications were prepared, but such failure would not vitiate the contract regular in all other respects. Hollums v. Glenn, Tex.Civ.App., 82 S.W.2d 731, and cases there cited.

It is not disputed that the appellants are now occupying and using the premises and have been, so far as this record discloses, up to the trial of this case in the court below.

We have examined all other points brought forward by appellants. In our opinion they are without merit and are respectfully overruled.

■ Appellee brings forward several points under cross assignments asserting that the trial court erred in refusing to extend the mechanic's and materialman's lien to cover and include the attorney's fees provided in the note. As pointed out in the first part of this opinion, the trial court limited the coverage by the lien to the

principal and interest on the $10,000 note. In our opinion the action of the trial court in failing to extend the coverage of the lien so as to include attorney's fees is not error. It is clearly held in the case of Hufstedler v. Glenn, Tex.Civ.App., 82 S.W.2d 733, and cases there cited, that attorney's fees provided in a note are not covered by the mechanic's and materialman's lien contract on the homestead. It is not to be understood, however, that the appellees are not entitled to a personal judgment against appellants for attorney's fees. Appellees' points are overruled.

The judgment of the trial court is affirmed.